In the Matter of the Appraisal for Taxation of the Estate of
WILLIAM W. MERRIAM, Deceased.

The United States is to be regarded as a body politic and corporate, and
so far as this state is concerned, it is a foreign, not a domestic, corpora-
tion. (Code Civ. Pro. § 3343, sub. 18.)

Under the provision of the Collateral Inheritance Act of 1892 (§ 1, chap.
399, Laws of 1892) which imposes a tax upon the transfer, "by will or
intestate law," of any property of the value of $500, "to persons or
corporations not exempt by law from taxation," a bequest to the United
States is subject to the tax so imposed.

The tax is not imposed upon the property, but on the right of succession
under the will, and the property that vests under it in the United States
is the net amount of the bequest after the succession tax is paid.

Stocks of foreign corporations, held by an executor as such, are to be
regarded as part of the estate, and so the right of succession thereto
is subject to payment of the tax imposed by said act.

(Argued February 26, 1894; decided March 6, 1894.)

APPEAL from order of the General Term of the Supreme
Court in the second judicial department, made December 1,
1893, which affirmed an order of the Surrogate's Court of
Suffolk county affirming an order of said court assessing and
fixing the collateral inheritance tax due from the estate of
William W. Merriam, deceased.

The facts, so far as material, are stated in the opinion.

*Jesse Johnson* for appellant. A devise to the government
of the United States, by the express terms of the statute
imposing this tax, is exempt from the tax. (*In re Prime*,
136 N. Y. 347; *Comm.* v. *Marshall*, 11 Pick. 350; *Yeaton*
v. *U. S.*, 5 Cranch, 281; *Butler* v. *Palmer*, 1 Hill, 324;
*Miller's Case*, 1 Wm. Black. 451; *People ex rel.* v. *Daven-
port*, 91 N. Y. 574; *In re Enston*, 113 id. 174, 178; *In re
Vassar*, 127 id. 1, 12; *U. S.* v. *Fox*, 52 id. 530; 94 U. S. 315;
*U. S.* v. *Tingey*, 5 Pet. 115, 128; *U. S.* v. *Bradley*, 10 id.
343, 359, 360; *U. S.* v. *Lynn*, 15 id. 311; *Dugan* v. *U. S.*, 3
Wheat. 173, 181; Laws 1833, chaps. 96, 181; Laws 1839,
chaps. 29, 232; Laws 1840, chap. 155; Laws 1846, chap. 25;
Laws 1847, chaps. 153, 196; Laws 1850, chap. 222; Laws

1861, chaps. 223, 313; Laws 1874, chap. 432; Laws 1862, chap. 253; Laws 1865, chap. 523; Laws 1866, chap. 862.) Laws which in terms are broad enough to impose a tax on the property of the state or of the United States will nevertheless not be construed as so doing unless they in terms say so. (Cooley on Taxn. 130; *City of Rochester* v. *Town of Rush*, 80 N. Y. 302.) Apart from statute, the state has no power to tax the property of the government of the United States. (*Van Brocklin* v. *State*, 117 U. S. 151; *M'Cullouch* v. *Maryland*, 4 Wheat. 316, 425; *Osborne* v. *Bank of U. S.*, 9 id. 738, 870.) Stock held by the decedent in foreign corporations should not be included in the value on which the tax is to be levied. (*In re Thomas*, 24 N. Y. Supp. 713.)

*Charles Duane Baker* for appellant. Property of the United States cannot be taxed by a state. (*People ex rel.* v. *U. S.*, 93 Ill. 30; *Van Brocklin* v. *Anderson*, 117 U. S. 162; *Fagan* v. *City of Chicago*, 84 Ill. 233; *T. Co.* v. *Wheeling*, 99 U. S. 273; *State Tonnage Tax Cases*, 12 Wall. 204; *McGoon* v. *Scales*, 9 id. 23; *R. Co.* v. *Prescott*, 16 id. 603; *Thomson* v. *P. R. R. Co.*, 9 id. 579; *U. P. R. R. Co.* v. *Peniston*, 18 id. 5, 32, 34, 41; *People ex rel.* v. *Wemple*, 138 N. Y. 1.) The legacy in question on the death of the testator vested immediately in the United States, and became at once their property, free from liability to taxation. (Lawson's Rights & Rem. § 3270; *Blinn* v. *Seymour*, 38 N. Y. 469; *Trauer* v. *Schell*, 20 id. 89; *Dominick* v. *Moore*, 2 Bradf. 201; *Maurice* v. *Maurice*, 43 N. Y. 369; *Filton* v. *Lawyer*, 41 N. H. 202, 212; *Warner* v. *Durant*, 76 N. Y. 133, 136; Laws of 1885, chap. 483.) The United States was not vested with the ownership of the legacy charged with a tax in its inception. (Laws of 1885, chap. 483; *In re Vassar*, 127 N. Y. 1.) A tax under chapter 483, Laws 1885, and the acts amendatory thereof, is to be paid out of the fund or legacy upon which it is assessed in the first instance, and, therefore, it is contended that calling the tax a tax on the transfer of, or on a succession to, or on a privilege to take property does not cure the diffi-

culty, because the burden, by the terms of the statute, must follow the fund and withdraw therefrom the amount of the tax. (*Stevenson* v. *Newnham*, 10 C. B. 713.) If, however, the tax is imposed on a privilege to acquire property, or on a transfer of property, or on a right of succession to property under a will, the effect is the same, and the same principle of exemption applies as if imposed upon the property, which in this case would be the legacy itself. (Laws of 1885, chap. 483, §§ 1–6; *In re Swift*, 137 N. Y. 77; *McCulloch* v. *Maryland*, 4 Wheat. 319; *Crandall* v. *State*, 6 Wall. 35; *Weston* v. *City of Charleston*, 2 Pet. 449; *People* v. *Tax Comrs.*, 2 Black, 620; 1 Kent's Comm. 425.) The legacy in question is exempt from taxation by Revised Statutes of the state of New York, page 932, section 5. (*W. U. T. Co.* v. *Richmond*, 26 Gratt. 1.) The United States are not "a body politic or corporate," " or a person," within the meaning of those terms as employed in chapter 483, Laws of 1885. (*Stanley* v. *Schwalby*, 147 U. S. 508–515; 1 Beach on Corp. § 2; *Warner* v. *Beers*, 23 Wend. 176; *Thomas* v. *Dakin*, 22 id. 9; *Purchal* v. *Whitesett*, 11 Ala. [N. S.] 472; *F. B. Co.* v. *Wood*, 14 Ga. 80; *Atkinson* v. *M., etc., R. R. Co.*, 15 Ohio St. 21; *People* v. *Assessor of Watertown*, 1 Hill, 616; Cooley on Const. Lim. 1; *U. S.* v. *Cruikshank*, 92 U. S. 550; *Scott* v. *Sardford*, 19 How. Pr. 393; *Ablmon* v. *Booth*, 21 id. 506; *Lane Co.* v. *Oregon*, 7 Wall. 76; *Tenn.* v. *Davis*, 100 U. S. 257; *Dugan* v. *U. S.*, 3 Wheat. 181; *U. S.* v. *Tingey*, 5 Pet. 128; *U. S.* v. *Bradley*, 10 id. 343; *Neilson* v. *Lagow*, 12 How. [U. S.] 108; *Dixon* v. *U. S.*, 11 Brock. 177; *U. S.* v. *Maurice*, 2 id. 109; *U. S.* v. *Lane*, 2 McLean, 365; *Stearns* v. *U. S.*, 2 Paine, 301.) The United States are not bound by a state statute unless they are expressly named therein. The terms " person or body politic or corporate " in a state statute do not include the United States. (*U. S.* v. *Fox*, 94 U. S. 315; *King* v. *Allen*, 15 East, 333.) If the court should find that the government of the United States is a body politic and corporate within the meaning of the statutes of this state, it is then expressly exempted

from taxation. (Laws of 1890, chap. 553.) The government
of the United States is for all purposes a domestic corporation,
if it is to be considered a corporation in a legal sense, and is
entitled to all the privileges and immunities of a domestic cor-
poration in this state as well as in every state of the Union.
(Code Civ. Pro. § 3343; *Stearns* v. *U. S.*, 2 Paine's C. C. 310.)

*Edward Hassett* and *Timothy M. Griffing* for respondent.
The real estate of the testator did not pass to the United
States under the will, and is not involved in the present con-
troversy. (*In re Fox*, 52 N. Y. 537; 94 U. S. 315; *In re
Merriam*, 136 N. Y. 58.) The tax imposed by chapter 483
of the Laws of 1885, as amended by chapter 713 of the Laws
of 1887, is not a tax upon the property itself, but on the right
of succession. It is a tax upon the privilege of acquiring
property by will or inheritance, and is an impost upon the
devolution of the estate. (*Strode* v. *Com.*, 52 Penn. St. 182;
*Scholey* v. *Rew*, 23 Wall. 331; *Springer* v. *U. S.*, 102 U. S.
602; *In re McPherson*, 104 N. Y. 306; *In re Howard*, 5
Dem. 483; *In re Tuiggs Estate*, 15 N. Y. Supp. 548; *In re
Swift*, 137 N. Y. 77; *Mager* v. *Grima*, 8 How. [U. S.] 490;
*In re Cullen*, 5 Misc. Rep. 173.) The United States of
America is a body politic and is within the meaning of chapter
713, Laws 1887, which specifically provides that the property
which shall pass by will or by the intestate laws of this state
to any body politic, shall be subject to the acts provided for
therein. (*U. S.* v. *Maurice*, 2 Brock. 96, 109; *Van Brock-
lin* v. *State*, 117 U. S. 154.) The state of New York has the
right, power and jurisdiction to impose a tax upon the transfer
of property, by will, to the United States of America.
(*U. S.* v. *Fox*, 52 N. Y. 537; 94 U. S. 315; *State* v. *Miln*,
11 Pet. 139; *Moore* v. *Moore*, 47 N. Y. 467.)

*Benj. F. Dos Passos* for the comptroller of the city of New
York, intervening by leave of court.

BARTLETT, J. This is an appeal from an order of the
general term of the Supreme Court in the second depart-
ment, affirming two several orders of the Surrogate's Court of

Suffolk county.   Two questions are raised by this appeal: *First*, whether or not a bequest of money to the United States is liable to pay the inheritance tax imposed by the laws of this state ; *second*, can such a tax be levied on stock of a foreign corporation, which was the property of the decedent at the time of his death, the proceeds of which pass to the United States. The courts below have answered both of these questions in the affirmative.   The testator died January 30th, 1889, and the tax was assessed February 16th, 1893, on the personal estate bequeathed to the United States.   At that time chapter 399, Laws of 1892, entitled " An act in relation to taxable transfers of property," was in force and had repealed all previous acts, subject to a saving clause contained in section twenty-four of said act, providing, in substance, that the repeal should not affect or impair any act done, or right accruing, accrued or acquired, or liability, penalty, forfeiture or punishment incurred prior to the passage of said act.   Section twenty-five of said act also provides that " the provisions of this act, so far as they are substantially the same as those of laws existing April 30th, 1892, shall be construed as a continuation of such laws, modified or amended according to the language employed in this act, and not as new enactments."   So that when this tax was assessed it was under the said law of 1892 construed as amending the previous statutes.

Section one of said act reads in part as follows : " A tax shall be and is hereby imposed upon the transfer of any property, real or personal, of the value of five hundred dollars or over,   *   *   *   to persons or corporations not exempt by law from taxation on real or personal property," etc.

In the view we take of this case the legacy to the United States is subject to this tax whether we consider the assessment as made under the language of the law of 1892, or of the various statutes it amends and repeals.   Whether the transfer is " to persons or corporations," in the language of the law of 1892, or " to any person or persons, or to a body politic or corporate," in the words of the earlier statutes, we are of opinion the language includes the government of the

United States.   For the purpose of receiving legacies and for many other purposes, the United States is to be regarded as a body politic and corporate.   In the *United States* v. *Maurice et al.* (2 Brockenbrough's Reports, 96), Chief Justice MARSHALL says at page 109 : " The United States is a government, and, consequently, a body politic and corporate, capable of attaining the objects for which it was created by the means which are necessary for their attainment.   This great corporation was ordained and established by the American people, and endowed by them with great powers for important purposes."

The United States being capable of taking this legacy, it remains to consider whether there is any reason why this tax should not be collected.   This court has recently decided that this tax is not imposed on property, but on the right of succession under a will, or devolution in case of intestacy.   (*In the Matter of the Estate of James T. Swift*, 137 N. Y. 77.)

This tax, in effect, limits the power of testamentary disposition, and legatees and devisees take their bequests and devises subject to this tax imposed upon the succession of property.   This view eliminates from the case the point urged by the appellant that to collect this tax would be in violation of the well-established rule that the state cannot tax the property of the United States.   Assuming this legacy vested in the United States at the moment of testator's death, yet in contemplation of law the tax was fixed on the succession at the same instant of time.   This is not a tax imposed by the state on the property of the United States.   The property that vests in the United States under this will is the net amount of its legacy after the succession tax is paid.   The appellant urges that the United States, if regarded as a corporation, is, under the act in relation to the taxable transfers of property, a corporation exempt from taxation.

This court has held that the provisions exempting the religious, charitable and other corporations named in the Inheritance Tax Acts apply only to domestic corporations. (*Matter of Estate of Prime*, 136 N. Y. 347.)   It is suggested that the United States is to be regarded as a domestic corpo-

ration, so far as the State of New York is concerned. We think this contention has no support in reason or authority. A domestic corporation is the creature of this state created by its legislature, or located here and created by or under the laws of the United States. (Code of Civil Pro., § 3343, sub. 18.) The United States is a government and body politic and corporate, ordained and established by the American people acting through the sovereignty of all the states.

There remains one other question in this case as presented by the briefs of appellant — whether the stocks of foreign corporations held by the executor are to be regarded as part of the estate, subject to the tax now under consideration. The tax being imposed on the right of succession, and not on the property, as before remarked, this question must be answered in the affirmative. To compute the succession tax on the total personal estate is not imposing a tax on the stocks of foreign corporations constituting a part of that estate.

The orders appealed from are affirmed, with costs.

All concur.

Orders affirmed.