The judgment should be reversed and a new trial granted, with costs to the appellant to abide the event.

VAN BRUNT, P. J., and BARRETT, J., concurred.

Judgment reversed, new trial granted, costs to appellant to abide event.

In the Matter of the Appraisal for Taxation of the Estate of CATHA- RINE A. TAYLOR, Deceased.

*Liability to taxation of foreign religious corporations under chapter 399 of the Laws of 1892 — statutes limited in their operation to the State enacting them.*

The exemption contained in chapter 399 of the Laws of 1892 in favor of "any religious corporation" applies only to corporations organized under and pursuant to the laws of the State of New York, and not to foreign corporations nor to those organized under the laws of other States of the United States.

A statute granting power and privileges to corporations must, in the absence of plain indications to the contrary, be held to apply only to corporations created by the State in which it is enacted, and which has the power of visitation and control over the corporation.

APPEAL by a legatee, The Trustees of the Elberon Memorial Church in Elberon, from an order of the Surrogate's Court of the county of New York. entered in the office of the clerk of that court on the 23d day of December, 1893, affirming an order of said Surrogate's Court, entered in the said clerk's office on the 12th day of April, 1893, with notice of an intention to bring up for review on such appeal the said order of April 12, 1893, determining that the trustees of the Elberon Memorial Church are liable to pay a tax upon the legacy bequeathed to them by the will of Catharine A. Taylor, deceased.

*Hamilton Wallis*, for the appellant.

*Benjamin F. Dos Passos*, for the respondent, the Comptroller of the city of New York.

PARKER, J.:

The Elberon Memorial Church, a religious corporation organized under the laws of the State of New Jersey, complains of a decision of the surrogate, adjudging that a legacy of $100,000, bequeathed to

it by one Mrs. Taylor, is subject to a transfer tax of $5,000, pursuant to chapter 399 of the Laws of 1892.

The provision of the statute upon which reliance is based to both overthrow and support the decision of the court below reads as follows: "But any property heretofore or hereafter devised or bequeathed to any person who is a bishop, or to any religious corporation, shall be exempted from, and not subject to, the provisions of this act."

As the appellant is a religious corporation it insists that the exemption from the tax of "any religious corporation" necessarily permits a transfer of the legacy bequeathed to it free from the burden which officers charged with the duty of administering the statute would fasten upon it. In support of this contention authorities are cited establishing certain rules of statutory construction, which it is contended are applicable to the statute before us, and we are invited to apply them as if the question were now for the first time presented to a court for determination.

But, as we read the decisions, the question so far as this court is concerned is at rest. In *The Matter of Smith* (28 N. Y. Supp. 476; 77 Hun, 134), decided in April last by the General Term of the fifth department, the proposition before us was presented and decided.

In that case there were bequests to three foreign mission societies incorporated under laws other than of the State of New York, and the court said: "As there is an absence of any plain indication in the act that it is intended to apply to foreign corporations, we are inclined to hold that under the doctrine of the *Prime* case the three societies mentioned are liable to the payment of the legacy tax." The *Prime Case* (136 N. Y. 347) it is true did not arise under chapter 399 of the Laws of 1892. That statute had gone into effect long before the case was presented to the Court of Appeals, but the question arose under chapter 553 of the Laws of 1890, amending chapter 191 of the Laws of 1889. Section 1 of said act as amended provided that "Any religious, educational, bible, missionary, tract, literary, scientific, benevolent or charitable corporation, * * * may take and hold * * * property not exceeding in value $3,000,000;" that the personal property of such corporation shall be exempt from taxation, and that "An act to tax gifts, legacies and collateral inheritances in certain cases, and the acts amendatory

thereof shall not apply thereto, nor to any gifts to any such corporation by grant, bequest, or otherwise."

It will be observed that in *Prime's* case, as in the one before us, the statute described the corporation which should be entitled to the benefits provided by it as " any religious " corporation.

But the court held that the Legislature intended only to confer exemption upon the legacies bequeathed to domestic corporations. The court said : " We are of opinion that a statute of a State granting powers and privileges to corporations must, in the absence of plain indications to the contrary, be held to apply only to corporations created by the State, and over which it has the power of visitation and control. Such is the natural interpretation of such legislation, in the absence of a contrary intention appearing on the face of the act. The Legislature in · such cases is dealing with its own creations, whose rights and obligations it may limit, define and control."

The Court of Appeals had before it the statute under which the surrogate assessed the tax upon appellant's legacy in *Matter of Merriam* (141 N. Y. 479).

The question in that case was whether a bequest to the United States was subject to the tax imposed by the act. The court, in the course of its argument, said : " This court has held that the provisions exempting the religions, charitable and other corporations named in the Inheritance Tax Acts apply only to domestic corporations." And having asserted the proposition that under the statute only domestic corporations are exempt, the opinion next proceeds to overthrow the contention of the appellant, that the United States is to be regarded as a domestic corporation so far as the State of New York is concerned. Thus reasoning, the conclusion was reached that the United States, if regarded as a corporation, was *not* included among the corporations entitled to receive legacies free from the transfer tax.

These decisions, we think, fully support the decision of the surrogate.

The order should be affirmed, with costs.

Van Brunt, P. J., and Barrett, J., concurred.

Order affirmed, with costs.