In the Matter of the Appraisal of the Property of ROBERT RAY HAMILTON, Deceased, Under the Act Relating to Taxable Transfers of Property; The MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Appellant.

LEGACY TAX — EXEMPTION — MUNICIPAL CORPORATIONS. The clause in the Collateral Inheritance Tax Law of 1887 (Chap. 713, § 1) exempting from taxation thereunder bequests to "the societies, corporations and institutions now exempted by law from taxation," was not intended to apply to bequests to municipal corporations.

Mem. of decision below, 90 Hun, 608.

(Argued January 20, 1896; decided January 28, 1896.)

APPEAL from order of the General Term of the Supreme Court for the first judicial department, made November 15, 1895, which affirmed an order of the surrogate of New York county affirming an order assessing a legacy tax upon a bequest in the will of Robert Ray Hamilton, deceased, to the mayor, aldermen and commonalty of the city of New York.

*Chase Mellen* for appellant. The property of a municipal corporation, however acquired, so far as the same is devoted to public uses, is exempted by law from taxation. (*County of Erie* v. *City of Erie*, 113 Penn. St. 360 ; Cooley on Taxn. [2d ed.] 172 ; 1 Desty on Taxn. § 16 ; Dillon on Munc. Corp. § 773 ; Burroughs on Taxn. § 75 ; *City of Louisville* v. *Comm.*, 1 Duvall, 295 ; *People* v. *Solomon*, 51 Ill. 52 ; *Camden* v. *Corporation*, 77 Maine, 530 ; *Trustees, etc.,* v. *Trenton*, 3 Stew. 667 ; *Worcester Co.* v. *Mayor, etc.*, 116 Mass. 193 ; *People ex rel.* v. *Bd. of Assrs.*, 111 N. Y. 505 ; *City of Rochester* v. *Town of Rush*, 80 N. Y. 302 ; *Smith* v. *Mayor of Nashville*, 88 Tenn. 464 ; *G. W. Co.* v. *City of Galveston*, 9 Am. & Eng. Corp. Cas. 422, 434 ; 1 Kent's Comm. 464 ; Bishop on Written Laws, §§ 6, 7 ; *Chamberlain* v. *Beller*, 18 N. Y. 115 ; *In re Hunter*, 22 Abb. [N. C.] 24.) The use of the words "body politic or corporate" did not signify an intention on the part of the legislature to include gifts to the city within the purview of the act and yet leave them without the exempting clause. (*Ellis* v. *Paige*, 1 Pick. 43 ; *In re Stewart*, 131 N. Y. 280 ; Sedgw. on Stat. & Const. Law, 48 ; *U. S.* v. *Fisher*, 2 Cranch, 358, 400 ; *In re Enston*, 113 N. Y. 174 ; *In re McPherson*, 104 N. Y. 306 ; Cooley on Taxn. [2d ed.] 268 ; *United States* v. *Watts*, 1 Bond, 580.) The use of the disjunctive "or" in the phrase "body politic or corporate" does not avail the respondent ; neither does the use of the word "exempted" instead of "exempt." (*Roome* v. *Phillips*, 24 N. Y. 463 ; *U. S.* v. *Fisk*, 3 Wall. 447 ; *Jackson* v. *Blanshan*, 6 Johns. 54 ; Endlich on Interp. of Stat. § 303 ; *Rolland* v. *Comm.*, 82 Penn. St. 306 ; *Winterfield* v. *Strauss*, 24 Wis. 394 ; 1 Dillon on Mun. Corp. [4th ed.] § 19 ; 1 Kyd on Corp. 13 ; *Peo-*

*ple* v. *Morris*, 13 Wend. 334; *People* v. *Bd. Assrs.*, 1 Hill, 620; *Warner* v. *Beers*, 23 Wend. 122.) The public fountain, the subject of the legacy, will be property of the municipality devoted to public uses, held by it in its public capacity and not as private property or for purposes of profit and revenue. (*Darlington* v. *Mayor, etc.*, 31 N. Y. 164; *City of Rochester* v. *Town of Rush*, 80 N. Y. 302.) The impropriety of subjecting such gifts to taxation, except in extraordinary emergencies, is apparent. The legislature did not intend that they should be taxed. (*Milhau* v. *Sharp*, 15 Barb. 193; *United States* v. *R. R. Co.*, 17 Wall. 322; 1 Dillon on Mun. Corp. §§ 19–21; *City of Louisville* v. *Comm.*, 1 Duvall, 195.)

*Emmet R. Olcott* for respondent. The inheritance tax is not a tax on property, but on the right of testamentary and intestate succession thereto. (*In re Swift*, 137 N. Y. 77; *In re Merriam*, 141 N. Y. 479; *In re Hoffman*, 143 N. Y. 329; *In re Cullum*, 145 N. Y. 593; 5 Misc. Rep. 173; *City* v. *Miln*, 11 Pet. 139; *People ex rel.* v. *Mayor, etc.*, 4 N. Y. 419; *Town of Guilford* v. *Board of Supervisors*, 3 Kern. 143; *Brewster* v. *City of Syracuse*, 19 N. Y. 116; *Howell* v. *City of Buffalo*, 4 Trans. App. 505; *People ex rel.* v. *Lawrence*, 41 N. Y. 137; *Gordon* v. *Cornes*, 47 N. Y. 608; *Providence Bank* v. *Billings*, 4 Pet. 514; *Kirtland* v. *Hotchkiss*, 100 U. S. 491.) The city of New York being a body politic, it has been included *expressis verbis* by section 1 of chapter 713, Laws of 1887, among the several classes of successors upon whom the burden of this tax shall fall. (Dillon on Mun. Corp. §§ 19, 773.) Municipal corporations have not been exempted from this tax either expressly by the terms of the act itself, or impliedly from its spirit or purpose. (*Catlin* v. *Trustees, etc.*, 113 N. Y. 133; Laws of 1892, chap. 399, § 21.)

O'BRIEN, J. The will of Robert Ray Hamilton, who died August 23, 1890, contained a bequest of $10,000 to the city of New York for the purpose of providing an ornamental

fountain to be placed in one of the streets, squares or public places in the city. The question is whether this bequest is subject to the succession tax upon legacies imposed by chapter 713 of the Laws of 1887. The statute does not provide for a tax upon property in the sense that such enactments are generally understood, but upon the right of succession under a will or in case of intestacy. (*In re Swift*, 137 N. Y. 77; *In re Merriam*, 141 N. Y. 479; *In re Hoffman*, 143 N. Y. 329; *In re Cullum*, 145 N. Y. 593.)

The right of succession to property upon the death of the owner rests upon some positive law, and it is competent for the law-making power, when conferring the right, to annex to it such burdens or conditions as the public interest may require. Hence the statute has provided that certain beneficiaries under a will and certain of the next of kin, in case of intestacy, shall take subject to certain deductions from the bequest or distributive share which is to be paid into the public treasury, for the public use, and for convenience is called a tax. The right of certain near relatives of the deceased, particularly enumerated in the statute, in force at the time of the testator's death, to take the property was not subject to such burdens or conditions. The legislature also provided that bequests to certain religious, charitable and benevolent corporations should not be subject to such deductions. The class of legatees thus favored was described in the law as "the societies, corporations and institutions now exempted by law from taxation." It is claimed that the municipal corporation to which the gift in this case was made, that is, the mayor, aldermen and commonalty of the city of New York, is embraced within the general class thus described and that, therefore, the gift is not subject to any deductions by reason of the right of succession.

The basis of this contention is that the city of New York is a corporation which is exempted by law from taxation, and hence comes within the very terms of the statute.

The property held by the state, or by any of its municipal divisions, for public purposes, is not, and never has been,

40

subject to taxation. The right to impose taxes is a part of the sovereign power which for obvious reasons has never been extended to property which the government itself holds for public use, or which is so held by a municipality. The latter is but a part of the state exercising for specific purposes a portion of the sovereign power delegated to it.

The property to which it holds the title for public purposes stands upon the same footing, in regard to taxation, as that held by the state itself. The end and object of all taxation is to raise revenue for the purpose of defraying the expenses of government, and since no revenue could be raised by imposing taxes on property owned by the state itself, or by any of its political divisions, such property is in no just or practical sense the subject of taxation. It is never supposed to be included in the terms of any law providing for the imposition of taxes, however general it may be, not because it is exempt, in the sense in which that term is generally understood, but for the reason that in the nature of things it never was and never can be taxable. The power of taxation applies to the property of persons, either natural or corporate, within the jurisdiction of the government and not to the government itself. Public property is non-taxable, not upon the theory of exemption, but for the obvious reason that there is no law, and practically never can be a law, making it taxable. Of course a statute might be enacted including it within the operation of tax laws, but since the government would have to pay the tax itself such a law would be utterly useless.

It is, therefore, quite plain that when the legislature excepted from the operation of the law now under consideration " the societies, corporations and institutions now exempted by law from taxation," it could not have referred to the state itself or to any of its political divisions. The reference obviously was to such associations, corporations or institutions as would have been included within its general terms, but for the exception or exemption itself. We have seen that the state or any of its political divisions would not have fallen

within the terms of the law, and hence, no exemption was necessary in order to relieve them from its provisions. Exemption implies that the person or corporation to which it applies is or would otherwise be taxable. To include public property which is not, and in the nature of things cannot be taxable at all within the terms of an exemption act, would be to do a vain and useless thing which cannot be imputed to the legislature in the construction of the act in question.

It is entirely reasonable, however, to suppose it was intended that when a municipal corporation takes a gift of personal property under a will that the gift is upon the same conditions and subject to the same burdens and deductions as would apply in a case where the bequest was made to an indi-. vidual. It must, we think, take the gift subject to the payment of the succession tax since it is not included within the exemption which permits certain other corporations to take without such conditions. The gift, less the tax, is what the city takes and the balance is to be paid into the state treasury. There is not, we think, any sound distinction between this case and that of a bequest to the United States, in which we have held that the gift was subject to the tax.

For these reasons, we think, that the order should be affirmed, with costs.

All concur.

Order affirmed.