In the Matter of the Appraisal of the Property of GEORGE B. SHERMAN, Deceased, under the Act in Relation to Taxable Transfers of Property.

1. INHERITANCE AND TRANSFER TAX LAWS — UNITED STATES BONDS. The inclusion of United States bonds in the valuation under laws for the taxation of the right of transfer of property by inheritance or by will, for the purpose of ascertaining the tax, is a valid exercise of legislative power by a state, and does not constitute a taxation of Federal securities.

2. TRANSFER TAX ACT OF 1892 — EXEMPTION OF UNITED STATES BONDS. United States bonds, owned by a resident decedent, which would otherwise be subject to valuation for the purpose of fixing the tax under the Transfer Tax Act of 1892 (Ch. 399), are exempt from such valuation, by force of the provision (§ 22) which limits the meaning of the words "estate" and "property," as used in that act, to property over which the state has jurisdiction for the purposes of taxation.

*Matter of Sherman*, 15 App. Div. 628, affirmed.

(Argued April 19, 1897; decided May 4, 1897.)

APPEAL from an order of the Appellate Division of the Supreme Court in the fourth judicial department, made March 29, 1897, which affirmed an order of the surrogate of the county of Erie.

The nature of the proceeding and the facts, so far as material, are stated in the opinion.

1

*Emmet R. Olcott* for the county treasurer of Erie county, appellant. The tax imposed by chapter 399 of the Laws of 1892 on taxable transfers of property is not upon the property itself, but upon the transfer of the clear market value of such property. (*In re Hoffman,* 143 N. Y. 329; *In re Merriam,* 141 N. Y. 484; *In re Swift,* 137 N. Y. 77; *In re Cullum,* 5 Misc. Rep. 174; 145 N. Y. 593; *In re Seaman,* 147 N. Y. 74; *In re Hamilton,* 148 N. Y. 313; *In re Davis,* 149 N. Y. 546; *In re Bronson,* 150 N. Y. 6; *In re Enston,* 113 N. Y. 181; *In re Westurn,* 152 N. Y. 93.) The clear market value of property subjected to taxation by chapter 399, Laws of 1892, means the cash value of the property at the time of transfer. (Code Civ. Pro. §§ 2711, 2712, 2743, 2744; Redf. on Surr. Prac. [5th ed.] 387, 505; *Sherman* v. *Willett,* 42 N. Y. 150; Willard on Executors, 268; *Solomons* v. *Kursheedt,* 3 Dem. 312; *In re Jones,* 1 Redf. 266; *Willcox* v. *Smith,* 26 Barb. 346; Dayton on Surrogates, 248, 267, 268, 269; 2 Kent's Com. [8th ed.] 515, 516; 2 Bradf. on Surr. Prac. 221.) Since the tax is not imposed on the transfer of the property of the decedent, and only on its clear market value, that is, cash value, the law affects all transfers of property of residents of this state, whatever the property may be, whether United States bonds or other chattels or personal property generally, because the same are only transferred and taken at their appraised and inventoried cash value. (*Wallace* v. *Myers,* 38 Fed. Rep. 184; *Strode* v. *Comm.,* 52 Penn. St. 183; *United States* v. *Perkins,* 163 U. S. 625; *In re Cullum,* 145 N. Y. 593; *In re Whiting,* 150 N. Y. 27; *In re Knoedler,* 140 N. Y. 377; L. 1892, ch. 399, § 1; *In re Swift,* 137 N. Y. 88; *People ex rel.* v. *Comrs. of Taxes,* 23 N. Y. 224; *In re Prime,* 136 N. Y. 347; *In re Hamilton,* 148 N. Y. 313.)

*Harry D. Williams* for executrix, respondent. The order of the court below was right and should be affirmed. (*In re Whiting,* 150 N. Y. 31; *In re Romaine,* 127 N. Y. 86.) The bonds or obligations of the United States for the payment

of money cannot be the subject of taxation by a state. (*H. Ins. Co.* v. *New York*, 134 U. S. 598; *McCulloch* v. *Maryland*, 4 Wheat. 436; *Weston* v. *Charleston*, 2 Pet. 449; U. S. R. S. [2d ed.] § 3701; U. S. Const. art. 4, § 2.)

ANDREWS, Ch. J. This appeal is from an order which affirmed the decision of the surrogate, which excluded from appraisal under the act, chapter 399 of the Laws of 1892, in relation to the taxable transfers of property, United States bonds amounting to $10,000, owned by the testator, a resident of the state, who died in 1896. The question presented depends upon the provisions of the act of 1892. The power of a state to tax the right of transfer of property by will or the right of succession under the intestate laws of the state is not an open question. It results from the acknowledged principle that the right to dispose of property by will and of succession thereto in cases of intestacy is derived from and under the municipal law. The state which confers the right and prescribes the rule of descent or distribution, may, therefore, annex to the privilege which it confers such reasonable conditions to its enjoyment as it may deem expedient. There is no doubt that the laws for the taxing of inheritances or of the right of transfer by will are within the general scope of legislative power. The special question here is whether the act of 1892 exempts from valuation for the purpose of fixing the tax imposed by the act that part of the estate of the testator represented by United States bonds. The form of the question above stated assumes that the bonds would be the proper subject of valuation unless excluded by the true construction of the act. If the tax imposed by the law of 1892 is a property tax in the ordinary sense, levied upon the property of a testator or an intestate, it could not be sustained as a lawful exercise by the state of the power of taxation, so far as it affected securities of the Federal government. The principle that a state cannot, in the exercise of the power of taxation, tax obligations of the United States, was established at an early day. But the tendency

both of the Federal and state courts has been in the direction of limiting the operation of this immunity and to uphold state statutes imposing taxation, which, although operating indirectly upon property in government securities, were enacted for another purpose, and where the indirect taxation was merely an incident to the exercise by the state of an acknowledged power of government. Laws taxing franchises of corporations and providing for taxation, measured by the value of the corporate property, including Federal securities, or by income derived in part from investments therein, have been sustained, and illustrate the tendency to which we have referred. (*Society for Savings* v. *Coite*, 6 Wall. 594; *Provident Institution* v. *Massachusetts*, Id. 631; *People* v. *Home Ins. Co.*, 92 N. Y. 328; Id., 119 U. S. 129.)

This court has not been called upon to consider the question of the power of the state to prescribe that in ascertaining the value of the property of a decedent for the purpose of fixing the tax, under the Collateral Inheritance or Transfer Tax Laws, the value of Federal securities owned by the decedent shall be included. But we apprehend that the existence of the power cannot be denied upon reason or authority. The tax imposed is not, in a proper sense, a tax upon the property passing by will, or under the Statutes of Descents or Distributions. It is a tax upon the right of transfer by will, or under the intestate law of the state. Whether these laws are regarded as a limitation on the right of a testator to dispose of property by will, or upon the right of devisees to take under a will, or the right of heirs or next of kin to succeed to the property of an intestate, is not material. The so-called tax is an exaction made by the state in the regulation of the right of devolution of property of decedents, which is created by law, and which the law may restrain or regulate. Whatever the form of the property, the right to succeed to it is created by law, and if the property consists of government securities, the transferee derives his right to take them as he does his right to take any other property of the decedent, under the laws of the state, and the state by these statutes

makes the right subject to the burden imposed. The question was answered by the Supreme Court of Pennsylvania in *Strode* v. *Commonwealth* (52 Pa. St. 183) and by Judge WALLACE, of the Circuit Court of the United States, in *Wallace* v. *Myers* (38 Fed. Rep. 184), and in both cases it was held that the inclusion of United States bonds in the valuation under the laws for the taxation of inheritances, for the purpose of ascertaining the tax, was a valid exercise of the legislative power of a state, and did not constitute a taxation of Federal securities. We concur in the conclusions reached in these cases, which are amply supported by the authorities and reasoning upon which they proceed.

We return, therefore, to the question originally stated, whether the act of 1892 exempts United States bonds from valuation in fixing the tax. Unless such exemption is found the bonds in this case should have been included in the valuation. The case of *Wallace* v. *Myers* (*supra*) was brought in the United States court, and was governed by the act of 1887. (Chap. 713.) By the first section of that act the tax was imposed upon " all property " passing by will or by the intestate laws of the state. There was no limitation of this language in the subsequent sections of the act, and it was held, as we think properly, that United States bonds were to be valued in fixing the tax. The act of 1892 contains a new provision, not found in the prior acts. The 22d section declares that the words " estate " and " property," as used in the act, " shall include all property or interest therein, whether situated within or without this state, over which this state has any jurisdiction for the purposes of taxation." We had occasion, in the *Matter of Whiting* (150 N. Y. 27), to consider the application of this clause of section 22 of the act of 1892 to a case of United States bonds owned by a non-resident decedent on deposit at the time of his death with other securities in the vaults of a safe deposit company in the city of New York. The objection was taken that they could not be included in the valuation under the act of 1892, and this court sustained the objection on the ground that the bonds, being property

not subject to the taxing power of the state, were exempt from valuation under the definition of property in section 22. It was probably the primary purpose of this definition to exclude any inference from the generality of the words used in the first section of the act, that the valuation to be made should include the real property of resident decedents situated outside of the state. (See *In re Swift*, 137 N. Y. 77.) But the language extends to all property not within the taxing power of the state, and Federal securities are plainly within the definition. It is the jurisdiction of the state to subject property to taxation under its general taxing power, and not whether the jurisdiction has been exercised, which is the test of exemption under section 22 of the act of 1892. Property of every description passing by will or under the Statutes of Descents or Distributions, which is subject to the taxing power of the state, is to be valued under the act, irrespective of the fact whether it has or has not been subjected to taxation under existing laws. (*Matter of Knoedler*, 140 N. Y. 377.) But we are of opinion that the United States bonds were properly excluded from the valuation of the decedent's estate by the surrogate by force of section 22 of the act of 1892.

The order should, therefore, be affirmed, with costs.

All concur.

Order affirmed.