In re KIMBERLY'S ESTATE.

(Supreme Court, Appellate Division, Fourth Department.    March 26, 1898.)

1. TRANSFER TAX—CONSTITUTIONAL LAW.
      Laws 1896, c. 908, imposing taxes on the transfer of property of deceased persons, is constitutional.

2. SAME—CONSTRUCTION.
      Laws 1896, c. 908, imposing taxes on the transfer of property of deceased persons, being a special tax law, is to be construed strictly against the government in favor of the taxpayer.

**3. SAME—EXEMPTIONS—BEQUEST TO HOSPITAL.**

Under Laws 1896, c. 908, § 4, subd. 7, exempting from taxation property of a corporation organized exclusively for hospital and other similar purposes, and article 10, § 220, imposing a tax on the transfer of property of deceased persons to persons or corporations not exempt by law from taxation, a corporation organized for hospital purposes cannot be taxed for personal property bequeathed to it; and a provision in the former section that property held by an officer of a religious denomination is exempt, the same as property held by a religious corporation, does not negative such construction.

Appeal from surrogate's court, Erie county.

Administration of the estate of Charlotte Kimberly, deceased. From a decree of the surrogate imposing a tax on a legacy to the Buffalo General Hospital, such legatee and John L. Kimberly and another, executors, appeal.    Reversed.

Appeal from "so much of the decree and adjudication of the surrogate's court of the county of Erie, rendered in the above-mentioned proceeding on the 2d day of March, 1897, as confirms the report of the transfer tax appraiser therein, and determines the transfer of property of said deceased to said hospital, as such legatee, subject to taxation, and fixes a tax thereon, under the taxable transfer law of said state." Charlotte Kimberly died August 16, 1896, leaving a last will and testament, which was admitted to probate in Erie county, and contained a legacy of $2,000 to the Buffalo General Hospital. The appraiser reported as taxable, and the surrogate, in his order fixing the tax, fixed a tax upon, said legacy to said hospital. The hospital and the executors appealed from that order to the surrogate, and the surrogate affirmed his order fixing said tax. From that order of affirmance this appeal is taken. The tax imposed was 5 per cent. on the $2,000, amounting to $100, against the Buffalo General Hospital. At the hearing before the surrogate it was claimed that the Buffalo General Hospital was exempt from taxation in virtue of chapter 908 of the Laws of 1896, relating to taxable transfers. At the hearing it was stipulated that "the Buffalo General Hospital is a corporation duly incorporated, organized, and existing under and by virtue of the act of the legislature of the state of New York providing for the incorporation of benevolent, charitable, scientific, and missionary societies, passed April 12, 1848, and the several acts amendatory thereof and supplemental thereto, and is located in Buffalo, Erie county, New York; that the object and purpose of said hospital is set forth in its certificate and articles of association," which were filed in December, 1855, with the clerk of the county of Erie and with the secretary of state at Albany. The articles of association of the Buffalo General Hospital are set out in the case, and in the articles of incorporation it is stated, viz.: "That the particular business, object, and purpose of said society shall be to establish and maintain a public hospital in the city of Buffalo." It was also stipulated "that said hospital is and was so organized for public hospital purposes exclusively, and, at the time of the death of said Charlotte Kimberly, was, and still is, actively engaged in carrying out such purposes exclusively." The surrogate found, among other things, viz.: "That said hospital is and was so organized for public hospital purposes exclusively, and at the time of the death of said Charlotte Kimberly was, and still is, actively engaged in carrying out such purposes exclusively." As conclusions of law the surrogate found that "said the Buffalo General Hospital is a corporation exempt by law, under subdivision 7 of section 4 of chapter 908 of the Laws of 1896, from taxation on its real and personal property; * * * that the legacy or transfer in and by the said will of said Charlotte Kimberly, deceased, bequeathed to said the Buffalo General Hospital, is not exempt from taxation under the law of this state relating to taxable transfers, being section 220, etc., of chapter 908 of the Laws of 1896, but is taxable thereunder." Exceptions were filed by the appellants to the conclusion of law last stated, and also to the refusal of the surrogate to find and decide "that the legacy or transfer in and by the said will of said Charlotte Kimberly, deceased, bequeathed to said the Buffalo General Hospital, is exempt from taxation under the law of this state relating to taxable transfers, being section 220, etc., of chapter 908 of the Laws of 1896." No opinion was delivered by the surrogate.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, and GREEN, JJ.

Henry F. Allen, for appellants.

Hamilton Ward, Jr., Transfer Tax Asst. Dist. Atty., for respondents.

HARDIN, P. J. Charlotte Kimberly died on the 16th of August, 1896, and the act in relation to taxation, constituting chapter 24 of the General Laws, was passed May 27, 1896, and went into effect on the 15th of June, 1896. By the third section of that act all real property and all personal property is taxable "unless exempt from taxation by law." Section 4 of the act provides that:

"The following property shall be exempt from taxation:
"(1)  *  *  *
"(2)  *  *  *
"(3)  *  *  *
"(4)  *  *  *
"(5)  *  *  *
"(6)  *  *  *
"(7) The real property of a corporation or association organized exclusively for the moral or mental improvement of men or women, or for religious, Bible, tract, charitable, benevolent, missionary, hospital, infirmary, educational, scientific, literary, library, patriotic, historical or cemetery purposes, or for the enforcement of laws relating to children or animals, or for two or more of such purposes and used exclusively for carrying out thereupon one or more of such purposes, and the personal property of any such corporation or association shall be exempt from taxation.  *  *  *  Property held by an officer of a religious denomination shall be entitled to the same exemptions subject to the same conditions and exceptions as property held by a religious corporation."

Other exemptions are declared in the act not necessary to be referred to in connection with the question now under consideration. In article 10 of that statute provision is made for taxable transfers, and section 220 provides as follows:

"A tax shall be and is hereby imposed upon the transfer of any property, real or personal, of the value of five hundred dollars or over, or of any interest therein or income therefrom, in trust or otherwise, to persons or corporations not exempt by law from taxation on real or personal property."

By the will of the testatrix she provided for the transfer of a portion of her estate, to wit, $2,000 to the Buffalo General Hospital. The Buffalo General Hospital was a party mentioned in the language of section 220 in the following words: "To persons or corporations not exempt by law from taxation on real or personal property." The obvious intent of that section is to place a tax upon property which does not pass "to persons or corporations" whose real or personal property is not exempt by law from taxation. The force and effect to be given to the provision which we have quoted from section 4 of the act are such as to give an exemption of the real and personal property held by the Buffalo General Hospital from taxation. Therefore the legacy in the testatrix's will of the $2,000 was not to a person or to a corporation whose real and personal property was not exempt from taxation. Inasmuch as the hospital property, real and personal, is exempt from taxation, the language of section 220 does not apply to the legacy. In re Hunter, 11 N. Y. St. Rep.

704. In Re McPherson, 104 N. Y. 306, 10 N. E. 685, it was held that the act of 1885, which preceded the act of 1896, relating to transfers and collateral inheritances, was constitutional. That case was referred to by Haight, J., in Re Vassar's Estate, 127 N. Y. 12, 27 N. E. 397, where he says: "The taxes imposed by the collateral inheritance act are special, and not general." And that learned judge adds: "And the rule is that special tax laws are to be construed strictly against the government, and favorable to the taxpayer; that a citizen cannot be subjected to special burdens without clear warrant of law,"—citing In re Enston, 113 N. Y. 174, 21 N. E. 87. In the course of the opinion from which we have quoted it is said that the general policy of the state government has been to foster and encourage charitable institutions. In the Vassar Case it was held that, where "legacies were given to corporations which were by statute exempted from taxation upon all the property they were authorized to take and hold, the legacies were not liable to taxation under said act." The Vassar Case arose under chapter 713 of the Laws of 1887, the provisions of which are no more favorable to the respondent's contention than the provisions found in the act of 1896 which we have quoted. In Re Swift, 137 N. Y. 77, 32 N. E. 1096, it was held that the tax is not imposed on property, "but a tax on the right of succession under a will or devolution in case of intestacy." It was also followed by this court in Re Sherman, 17 App. Div. 620, 44 N. Y. Supp. 1129. That doctrine was approved in Re Merriam's Estate, 141 N. Y. 484, 36 N. E. 505, and asserted and followed in Re Embury, 19 App. Div. 218, 45 N. Y. Supp. 881. In Re Hoffman's Estate, 143 N. Y. 327, 38 N. E. 311, the transfer act of 1892 was under consideration, and in that case it was intimated "that the tax is imposed upon the right of succession to property or estates which vest in the successors severally, and not upon the property or estate of the decedent." In the course of the opinion delivered by Andrews, C. J., in Re Westurn's Estate, 152 N. Y. 99, 46 N. E. 316, he said:

"It has been steadily maintained that the tax, while in a general sense a tax on the property of a decedent, is, in its essential nature, under the legislation on the subject, a tax on the right to succession to the property, imposed upon and collectible out of each specific share or interest given by will or derived under the statutes of descent or distribution, and limited as to each share or interest to its value, with a superadded personal liability for the payment of the tax by the person taking the interest."

That same learned justice in Re Sherman's Estate, 153 N. Y. 4, 46 N. E. 1033, said:

"The tax imposed is not, in a proper sense, a tax upon the property passing by will or under the statutes of descent or distribution. It is a tax upon the right of transfer by will or under the intestate law of the state. Whether these laws are regarded as a limitation on the right of a testator to dispose of property by will, or upon the right of devisees to take under a will, or the right of heirs or next of kin to succeed to the property of an intestate, is not material. The so-called tax is an exaction made by the state in the regulation of the right of devolution of property of decedents, which is created by law, and which the law may restrain or regulate."

We think there was no intention on the part of the legislature to exact from a charitable institution, like the Buffalo General Hospital, a tax. We think the statutes to which we have referred clearly indicate an intention on the part of the legislature to save from the operation of the inheritance tax, by the language used in the act of 1896, charitable and other institutions mentioned therein. The mere circumstance that, in a later part of subdivision 7 of the act to which we have referred, a provision is found which, in express terms, declares that property held by an officer of a religious denomination "shall be entitled to the same exemptions, subject to the same conditions and exceptions, as property held by a religious corporation," in no manner indicates an intent to deprive the institutions which are mentioned in the earlier part of that section from the exemption expressly mentioned. Probably the language used to declare property held by an officer of a religious denomination exempt was inserted to reach a class of cases well understood to be numerous in the state, where property is held in trust by a bishop or other officer of a religious denomination. See In re Smith, 77 Hun, 134, 28 N. Y. Supp. 476. The learned counsel for the respondents calls our attention to In re Prime, 136 N. Y. 346, 32 N. E. 1091. We do not see that it aids the contention of the respondents. In that case it was held that the provision in the act of 1889, as well as the provision found in chapter 553 of the Laws of 1890, which exempted religious, charitable, and other corporations from taxation on personal property, and from collateral inheritance taxes, applies only to domestic corporations. The same doctrine was asserted in Re Cullom's Estate, 5 Misc. Rep. 173, 25 N. Y. Supp. 699, affirmed in Re Merriam's Estate, 141 N. Y. 479, 36 N. E. 505, and in Re Taylor, 80 Hun, 589, 30 N. Y. Supp. 582.

The foregoing views lead to the conclusion that the surrogate fell into an error in imposing a tax upon that portion of the testatrix's estate which was given to the Buffalo General Hospital. So much of the decree of the surrogate's court of Erie county as is appealed from is reversed, with one bill of costs. All concur.