### In re THRALL'S ESTATE.

(Supreme Court, Appellate Division, Second Department. May 7, 1898.)

TRANSFER TAX.

Under the transfer tax law (Laws 1896, c. 908, as amended by Laws 1897, c. 284), a bequest of money to a municipal corporation for the construction of a public library building is not exempt from the tax.

Appeal from surrogate's court, Orange county.

In the matter of the legacy and inheritance tax on the estate of S. Maretta Thrall. From an order fixing the same, the comptroller of the state and the treasurer of Orange county appeal. Modified.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Howard Thornton, for appellants.

Daniel Finn, for respondent executors.

John C. R. Taylor, Corp. Counsel, for respondent city of Middletown.

CULLEN, J. The testatrix, by her will, bequeathed to the city of Middletown the sum of $30,000 for the construction of a library building in said city, to be open to the public. The learned surrogate decided that this legacy was exempt from transfer tax. In Re Hamil-

ton, 148 N. Y. 310, 42 N. E. 717, the court of appeals held that a bequest to the city of New York for the purpose of providing an ornamental fountain to be placed in one of the streets or squares of the city was subject to the tax. The character of the bequest and the status of the legatee were exactly the same as those in the case now before us, and the decision in that case is conclusive in the present one, unless there has been such a change in the statutes on the subject as to make the rule there declared no longer in force. The Hamilton Case arose under the collateral inheritance tax of 1887 (chapter 713). By that statute the tax was imposed on "all property which shall pass by will * * * to any body politic or corporate * * * other than to * * * the societies, corporations and institutions now exempted by law from taxation." By the Laws of 1896 (chapter 908), as amended by chapter 284 of the Laws of 1897, it is provided that "a tax shall be and hereby is imposed upon the transfer of any property, real or personal, * * * to persons or corporations not exempt by law from taxation on real or personal property." It seems to me that the effect of these two statutory provisions is precisely the same, and that no distinction can be drawn between corporations "other than corporations now exempted by law from taxation" and "corporations not exempt by law from taxation on real or personal property." The main argument of the respondents is based not so much on the change of phraseology between the act of 1887 and that of 1896 as on the fact that by the tax law of 1896 (chapter 908, § 4) the "property of a municipal corporation of the state held for a public use, except the portion of such property not within the corporation," is now, by express enactment, exempted from general taxation. In the Hamilton Case the contention was made for the city of New York that it was a corporation exempted by law from taxation. That the public property of the city was so exempt was unquestioned, though the exemption did not proceed from any statutory enactment. As to this claim it was said by Judge O'Brien, delivering the opinion of the court:

"It is, therefore, quite plain that when the legislature excepted from the operation of the law now under consideration 'the societies, corporations, and institutions now exempted by law from taxation,' it could not have referred to the state itself, or to any of its political divisions. The reference obviously was to such associations, corporations, or institutions as would have been included within its general terms, but for the exception or exemption itself."

It is insisted that the present statutory exemption of municipal corporations renders the declaration of law cited no longer applicable to such corporations. I am at a loss to see why. Previous to the tax law of 1896 municipal corporations were exempt from taxation on all public property. City of Rochester v. Town of Rush, 80 N. Y. 302; People v. Board of Assessors, 111 N. Y. 505, 19 N. E. 90. If the tax act of 1896 has effected any change in the previous law on the subject (which it is unnecessary to determine) it has been to limit, not to enlarge, the exemption of municipal corporations, for by that act the exemption is confined to municipal property within the limits of the corporation. It would seem unreasonable to allow such a provision, found not in the enactments on the succession tax, but in

those relative to general taxation, to abrogate a liability to the succession tax which had previously existed. I think no such intent can be imputed to the legislature. Nor can the city claim exemption by virtue of section 242 of the tax law, which limits the tax to property over which the state had any jurisdiction for the purpose of taxation. It was by reason of the provisions of this section, first found in the statute of 1892 (chapter 677), that it was held that government bonds owned by the deceased were not subject to the tax. In re Sherman, 153 N. Y. 1, 46 N. E. 1032. But this decision proceeded, not on the ground that the property after it had passed to the legatee was exempt from general taxation, but because it was so exempt when held by the deceased. The city of Middletown has been credited with its pro rata share of the government bonds owned by the testator, and exempted from tax thereon. As to the remainder of the legacy bequeathed to it, the property, when held by the testator, was all within the jurisdiction of the state for the purposes of taxation. We are also of opinion that the executors should not have been allowed the sum of $3,500 for probable expenses in the action brought by them, both individually and in their representative capacity, for a construction of the will. The action would seem unnecessary, as any question that may arise can readily be settled in the surrogate's court on the decree for distribution. Further, it would appear that its principal object is for the benefit of the personal interests of the executors. In re Westurn, 152 N. Y. 93, 46 N. E. 315. The decree of the surrogate should be modified so as to impose the transfer tax on the legacy to the city of Middletown, and also on the sum of $3,500 allowed as probable expenses in the suit for the construction of the will. All concur.

Order modified, with $10 costs and disbursements to appellants.