30  271
157a  46

In the Matter of the Legacy and Inheritance Tax on the Estate of S. MARETTA THRALL, Deceased.

JAMES A. ROBERTS, as Comptroller of the State of New York, and CHARLES L. MEAD, as County Treasurer of Orange County, Appellants.

ISAAC R. CLEMENTS and NATHAN M. HALLOCK, as Executors of S. MARETTA THRALL, Deceased, and THE CITY OF MIDDLETOWN, Respondents.

*Transfer tax — a bequest to a city for a public library is not exempt — the expenses of an action to procure a construction of a will, when not allowed to executors.*

A gift by will to a municipal corporation of a sum of money for the construction of a library building in such city, to be open to the public, is subject to the transfer tax imposed by chapter 908 of the Laws of 1896, as amended by chapter 284 of the Laws of 1897.

*Semble,* that the exception from the operation of the Tax Law of "the societies, corporations and institutions now exempted by law from taxation," was not intended to refer to the State itself, or to any of its political divisions.

An exemption cannot be claimed for such a gift under section 242 of the Tax Law, limiting the tax to property over which the State has jurisdiction, for the purpose of taxation.

Executors should not be allowed for expenses in an action brought by them, both individually and in their representative capacity, for a construction of the will of their testator, where such action is unnecessary, the questions being such as could be settled in the Surrogate's Court by the decree of distribution; and where it also appears that the principal object of the action was to further the personal interests of the executors.

APPEAL by James A. Roberts, as Comptroller of the State of New York, and Charles L. Mead, as county treasurer of Orange county, from an order of the Surrogate's Court of the county of Orange, entered in said Surrogate's Court on the 7th day of February, 1898, modifying an order made on January 4, 1898, fixing the transfer tax upon the estate of S. Maretta Thrall, deceased.

*Howard Thornton,* for the Comptroller of the State of New York and the county treasurer of Orange county, appellants.

*Daniel Finn,* for the executors, respondents.

*John C. R. Taylor, Corporation Counsel,* for the city of Middletown, respondent.

CULLEN J.:

The testator by her will bequeathed to the city of Middletown the sum of $30,000 for the construction of a library building in said city, to be open to the public. The learned surrogate decided that this legacy was exempt from transfer tax. In *Matter of Hamilton* (148 N. Y. 310) the Court of Appeals held that a bequest to the city of New York for the purpose of providing an ornamental fountain to be placed in one of the streets or squares of the city was subject to the tax. The character of the bequest and the status of the legatee were exactly the same as those in the case now before us, and the decision in that case is conclusive in the present one unless there has been such a change in the statutes on the subject as to make the rule there declared no longer in force. The *Hamilton* case arose under the Collateral Inheritance Tax Law of 1887 (Chap. 713). By that statute the tax was imposed on " all property which shall pass by will * * * to any body politic or corporate * * * other than to * * * the societies, corporations and institutions now exempted by law from taxation." By the Laws of 1896 (Chap. 908, § 220) as amended by chapter 284 of the Laws of 1897, it is provided that " a tax shall be and is hereby imposed upon the transfer of any property, real or personal, * * * to persons or corporations not exempt by law from taxation on real or personal property." It seems to me that the effect of these two statutory provisions is precisely the same, and that no distinction can be drawn between corporations " other than * * * corporations now exempted by law from taxation " and " corporations not exempt by law from taxation on real or personal property." The main argument of the respondents is based not so much on the change of phraseology between the act of 1887 and that of 1896, as on the fact that by the Tax Law of 1896 (Chap. 908, § 4) the " property of a municipal corporation of the state held for a public use, except the portion of such property not within the corporation ". is now, by express enactment, exempted from general taxation. In the *Hamilton* case the contention was made for the city of New York that it was a corporation exempted by law from taxation. That the public property of the city was so exempt was unquestioned, though the exemption did not proceed from any statutory enactment. As to this claim it was said by Judge

O'BRIEN, delivering the opinion of the court: · "It is, therefore, quite plain that when the Legislature excepted from the operation of the law now under consideration 'the societies, corporations and institutions now exempted by law from taxation,' it could not have referred to the State itself or to any of its political divisions. The reference obviously was to such associations, corporations or institutions as would have been included within its general terms, but for the exception or exemption itself."

It is insisted that the present statutory exemption of municipal corporations renders the declaration of law cited no longer applicable to such corporations. I am at a loss to see why. Previous to the Tax Law of 1896, municipal corporations were exempt from taxation on all public property. (*City of Rochester* v. *Town of Rush*, 80 N. Y. 302; *People ex rel. Mayor*, etc., v. *Board of Assessors*, 111 id. 505.) If the Tax Act of 1896 has effected any change in the previous law on the subject (which it is unnecessary to determine) it has been to limit, not to enlarge, the exemption of municipal corporations, for by that act the exemption is confined to municipal property within the limits of the corporation. It would seem unreasonable to allow such a provision, found not in the enactments on the succession tax, but in those relative to general taxation, to abrogate a liability to the succession tax which had previously existed. I think no such intent can be imputed to the Legislature. Nor can the city claim exemption by virtue of section 242 of the Tax Law, which limits the tax to property over which the State had any jurisdiction for the purpose of taxation. It was by reason of the provisions of this section, first found in the statute of 1892 (Chap. 399), that it was held that government bonds owned by the deceased were not subject to the tax. (*Matter of Sherman*, 153 N. Y. 1.) But this decision proceeded not on the ground that the property after it had passed to the legatee was exempt from general taxation, but because it was so exempt when held by the deceased. The city of Middletown has been credited with its *pro rata* share of the government bonds owned by the testatrix and exempted from tax thereon. As to the remainder of the legacy bequeathed to it, the property when held by the testator was all within the jurisdiction of the State for the purposes of taxation.

We are also of opinion that the executors should not have been

allowed the sum of $3,500 for probable expenses in the action brought by them, both individually and in their representative capacity, for a construction of the will. The action would seem unnecessary, as any question that may arise can readily be settled in the Surrogate's Court by the decree for distribution. Further, it would appear that its principal object is to benefit the personal interests of the executors. (*Matter of Westurn,* 152 N. Y. 93.)

The decree of the surrogate should be modified so as to impose the transfer tax on the legacy to the city of Middletown, and also on the sum of $3,500 allowed as probable expenses in the suit for the construction of the will.

All concurred.

Order of surrogate modified so as to impose transfer tax on legacy to the city of Middletown and on the sum of $3,500 allowed as probable expenses of suit for construction of will, with $10 costs and disbursements to appellant.