(24 Misc. Rep. 301.)

## In re PURDY'S ESTATE.

(Surrogate's Court, Westchester County.   July, 1898.)

TRANSFER TAX—VALUE OF PROPERTY—EXPENSES OF ADMINISTRATION — GOVERNMENT BONDS.

> Under Laws 1896, c. 908, § 230, relating to taxable transfers, and requiring the appraiser to fix the value, at the time of the transfer thereof, of the property of persons whose estate shall be subject to the tax, government bonds should bear their proportion to the expenses of administration, debts of decedent, and commissions of the administrator, which are deducted from the personalty in arriving at the fair market value.

In the matter of the appraisal of the property of Winifred Purdy, deceased, under the transfer tax act, an appeal was taken from a decree entered on the report of an appraiser.   Affirmed.

Henry C. Griffin, for appellant.

Joseph W. Middlebrook, for respondents state comptroller and county treasurer.

SILKMAN, S.   This is an appeal from the decree entered upon the report of the appraiser, and the ground of the appeal is that the appraiser, in arriving at the value of the estate to which a taxable succession is had, has deducted only a proportionate share of the debts of decedent, the expenses of administration, and commissions of executor.   The testatrix left an estate, the personal property of which amounts to $9,011.90, including $1,800, represented by United States government bonds, at their par value.   The expense of administration, debts of decedent, and commissions of executor amount to $1,267.67.   Of this sum the appraiser deducted only a proportionate share, to wit, $1,047.49, from the value of that part of the personalty the succession to which is taxable.   The amount involved is very small; nevertheless, the question is entitled to careful consideration, in view of its bearing upon matters involving much larger amounts. Counsel for both appellant and respondents unite in the statement that there is no reported case in which the question presented has been determined.   We consequently must seek the solution of a novel question.

The transfer tax law provides a general scheme of taxation.   The provisions of such statutes granting exemptions from the general scheme of taxation are to be strictly construed against the claim. Cooley, Tax'n (2d Ed.) 205; Association for Benefit of Colored Orphans v. Mayor, etc., 104 N. Y. 587, 12 N. E. 279.   The reason that the value of the government bonds is not to be considered in arriving at the value of property which measures the taxable inheritance is not because the succession to government bonds, or their proceeds, conflicts with the principle that a state cannot tax the obligations of the federal government, but because the language of the transfer act itself defines the words "estate" and "property" to mean property passing from the testator over which the state has jurisdiction for the purposes of taxation.   In re Sherman's Estate, 153 N. Y. 1, 46 N. E. 1032. Federal securities are therefore only exempted by virtue of the lan-

guage of the act. The appraiser, under section 230 of the general tax law (Laws 1896, c. 908), is to fix "the fair market value at the time of the transfer thereof of the property of persons whose estate shall be subject to the payment of any tax imposed by this article"; and, in arriving at the fair market value, he must deduct from the personal property the debts of the decedent, the expenses of administration, and the commissions of the executor or administrator. In re Westurn's Estate, 152 N. Y. 93, 46 N. E. 315. Personal property is primarily liable for the debts of decedent and the expenses of administration, and I know of no rule or principle which selects any portion of the personal property to bear this burden in preference to any other. Government bonds are equally responsible for debts, expenses of administration, and commissions with bonds and mortgages, bank stock, or money in bank. There would therefore seem to be no more reason for not requiring the government bonds to bear any proportion of the debts of decedent, expenses of administration, and commissions than there would be for requiring such government bonds to bear the entire amount of the debts and expenses of administration.

It would seem to me that the respondents might make the claim with equal force, as the claim is made by the appellant, that the entire amount of the debts of decedent and expenses of administration should be charged against the government bonds; and yet this would seem inequitable. I think that the appraiser has adopted the only rule that is supported by principle and equitable considerations, and the one that will not lead to confusion. For instance, suppose that testator left personal property amounting to $20,000,—$10,000 in government bonds, and $10,000 in money in bank. He gives a legacy to a son of $10,000, and a legacy to a nephew of $10,000. One pays a tax at the rate of 1 per cent., and the other at the rate of 5 per cent. In valuing the succession of the son and of the nephew, are the government bonds to be deducted from the property to which the son succeeds, or to which the nephew succeeds? The bare statement of such a case carries with it forcibly the necessity for laying down some equitable rule for apportionment when government bonds are involved. And, if an equitable rule is to be applied in the case of legacies, I see no reason why a similar equitable rule should not be applied in apportioning the amounts of debts, expenses of administration, and commissions. I will therefore affirm the decree entered upon the report of appraiser, with costs to the respondents, which, in view of the limited amount involved, will be fixed at $10.

Decree affirmed, with $10 costs.