Per Curiam.
 

 We have decided that an instrument in writing may be read in evidence, although there is not affixed to it an internal revenue stamp, as required by the terms of an act- of congress.
 
 (The People ex rel Barbour
 
 v.
 
 Gates,
 
 43 N. Y., 40.) This went upon the principle that the federal government could not prescribe a rule of evidence for the State courts. We now hold that it is not in the constitutional power of congress to prescribe for the States a rule for the transfer of property within them. Without denying that it is within the power of taxation, conferred upon it, for Congress
 
 *469
 
 to lay an excise tax upon the business operations of communities, and to collect that tax by the means of stamps, to be placed upon the written instruments exchanged between contracting parties, and to enforce the observance of the law, to that end, by the imposition in it of penalties for its nonobservance, we are of the opinion that it is without that power to declare that a contract or conveyance between citizens of a State, affecting the title to real estate, is void, for the reason that such observance has been omitted. Apart, then, from any consideration of the sufficiency of the stamping and the canceling which took place before the referee, we think that these deeds were valid, and passed to the plaintiff, an estate in fee simple absolute, to one equal undivided half part of the premises in the deeds described.
 

 The deeds being operative, on the execution of them the plaintiff, being a married woman, held this equal, undivided half part as her separate estate, or a part thereof. In relation to it, the plaintiff can maintain an action
 
 in
 
 the same manner as if she were a
 
 feme sole.
 
 (Code, § 114, Laws of 1862, chapter 172, p. 343, section 3.)
 

 And this action being one in equity, she can, though a married woman, maintain it against the defendant, though her husband.
 
 (Martin
 
 v.
 
 Martin,
 
 1 Comstock, 473; 1 Daniels’ Chy. Pr., 110 ; Story Eq., § 61 ; 2 Story Eq. Juris., §
 
 1361; 1
 
 id., § 646.) The judgment should be affirmed with costs.
 

 All concur.
 

 Judgment affirmed.