## Estate of GEORGE W. CULLOM.

(Surrogate's Court—New York County, September, 1893.)

The United States being a body politic and corporate, not organized or existing under or by virtue of the statutes of the State of New York is,. therefore, not included within the corporations referred to in chapter 553, Laws of 1890.

A bequest to the government of the United States is liable to taxation under the laws relating to taxable transfers of property.

APPEAL to the surrogate from an order which assessed the value of a bequest to the government of the United States, and fixed the tax thereupon.

*Edward Mitchell, United States Attorney,* and *S. P. Nash,* counsel for the executors, for the appellants.

*Benj. F. Dos Passos,* for respondent.

FITZGERALD, S.   The testator died on the 28th of February,. 1892, leaving a will which was admitted to probate, containing, among other provisions, a bequest to the government of the United States of $250,000, upon condition that it shall erect and maintain a memorial hall upon the public grounds at West Point, N. Y.   The legacy was accepted by the United States by act of congress.   In the proceeding instituted for the purpose of fixing the transfer tax, the appraiser appointed filed his report, in which he adjusted the value of this legacy and reported it as subject to taxation.   An order was entered thereupon fixing the tax accordingly, from which the United States now appeals to the surrogate, alleging as grounds of error that the tax is upon property ; that the property belongs to the United States, and that the State is without power to levy a tax thereupon. It is also claimed that the United States is not a body politic or corporate within the meaning of those terms as used in the act relative to taxable transfers of property, and that if it be a body politic and córporate within the meaning of the statute, the legacy is exempt from taxation by the express terms of the act.   There can be no doubt that the tax is upon the right of

succession and not upon property. *Estate of Swift*, 137 N. Y. 77. The distinction between a tax upon property and a tax upon the right of succession is apparent from the decision in *Wallace* v. *Myers*, 38 Fed. Rep. 184. It was held there that while the state cannot tax United States bonds within its jurisdiction, it could, nevertheless, impose a tax upon the transmission of such property by will or intestacy. In the same manner the benefit, after it has become the property of the United States, will not be subject to taxation by the state government, but in its transit it may be taxed. Much of the confusion which seems to have arisen in the mind of counsel in contending that the tax in question is upon property and not upon the right of succession may be avoided by regarding the legislation not as a tax but rather as a limitation or restriction upon the power of testamentary disposition. The United States obtains the legacy in question by virtue of a will made in pursuance of and depending for its validity upon the laws of the state of New York, an independent sovereignty within its proper sphere, and the United States government is as much bound by those laws as any foreign state or nation would be under the same circumstances. The state would have the right to include the United States within that class of corporations for whose benefit a devise or bequest may not be made under certain circumstances, exceeding a specified percentage of its value, or it would have an undoubted right to declare by proper legislation that the United States could take no benefit whatever by will. *United States* v. *Fox*, 94 U. S. 315. In that case Charles Fox, of the state of New York, died vested of certain personal and real property situated within the state. By his last will and testament he devised and bequeathed the whole property, after the payment of his debts, to the government of the United States, for the purpose of assisting to discharge the debt created by the war of the rebellion. Upon the petition of the district attorney of the United States the will was presented for probate before the surrogate of the city and county of New York. The infant heirs of the deceased contested the will. The surrogate

decreed that the will was inoperative and void as a devise of real estate; that the United States could not lawfully take and hold real estate as a devisee under a will in trust or otherwise, and that it descended to the heirs at law. He at the same time decided that the will was valid and operative as to the personal estate of testator, and that the United States was the sole legatee, and accordingly admitted the will to probate as a will of personal estate only. This decree was affirmed by the General Term and the Court of Appeals. It was carried to the United States Supreme Court, which in turn affirmed the decision of the state tribunals. In *City* v. *Miln*, 11 Pet. 139, the court said : " A state has the same undeniable and unlimited jurisdiction over all persons and things within its territorial limits, as any foreign nation where that jurisdiction is not surrendered or restrained by the Constitution of the United States. That by virtue of this, it is not only the right but the bounden and solemn duty of a state to advance the safety, happiness and prosperity of its people, and to provide for its general welfare by any and every act of legislation which it may deem to be conducive to these ends, where the power over the particular subject or the manner of its exercise is not surrendered or restrained in the manner just stated." See, also, *Moore* v. *Moore*, 47 N. Y. 467 ; *Matter of Fox*, 52 id. 534. The legislation taxing legacies is not directed against the United States or against the legatees or devisees who receive the benefit. It operates against the person making the will, because it limits his power of testamentary disposition, and it is well settled that it is exclusively within the jurisdiction of the state to legislate upon and regulate the general rights, duties and liabilities of its citizens. In *Van Brocklin* v. *State*, 117 U. S. 154, it was stated that the Constitution of the United States recognizes the control of the states over the acquisition of property by the United States, and the exclusive right of legislation over all places purchased by the consent of the legislature of the state, and recognizes the right of the state to impose such terms upon the acquisition of such property and as a condition to its acquisition which the state chooses

to impose. It is likewise free from doubt that the United States is a body politic and corporate. *United States* v. *Maurice*, 2 Brock. 96, 109 ; *Van Brocklin* v. *State*, 117 U. S. 154. But it is contended by the United States district attorney that if the United States is a body politic and corporate, the legacy is expressly exempted from taxation by chapter 553, Laws of New York, 1890. The Court of Appeals of this state has recently held, in *Estate of Prime*, 136 N. Y. 347, "that chapter 553 of the Laws of 1890, which amendment exempts the religious, charitable and other corporations named therein from general taxation on personal property and from the Collateral Inheritance Act, applies only to domestic corporations." The United States is not a corporation organized or existing under or by virtue of the statutes of New York state. I, therefore, conclude that the legacy to the United States is liable to taxation.

The order appealed from is affirmed.

Order affirmed.