In the Matter of the Appraisal for Taxation of the Estate of
WILLIAM W. MERRIAM, Deceased.

| 73  587|
|141a 479|

*An inheritance tax is on the right of succession — a legacy to the United States is*
*subject thereto — a devise to the United States is void.*

A legacy to the United States of America is subject to the collateral inheritance
tax; such a tax is not upon the property bequeathed but upon the right of
succession.

*Semble,* that a devise of real estate to the United States government is void. .

APPEAL by the United States of America and by Clifford B.
Ackerly, as executor, etc., from an order of the Surrogate's Court
of the county of Suffolk, made on the 5th day of September, 1893,
and entered in the office of the clerk of the Suffolk County Surro-
gate's Court, affirming an order or decree fixing the amount of
the collateral inheritance tax upon the estate of William W.
Merriam, deceased; also an appeal by the United States of America
from an order of said Suffolk County Surrogate's Court, made on
the 5th day of September, 1893, and entered in said clerk's office,
denying the motion that the order or decree fixing the collateral
inheritance tax on such estate be vacated and set aside, and also
from the appraisement and the assessment of a collateral inheritance
tax upon such estate, and from so much thereof as decided that the
United States of America was liable to pay the sum of $3,964.23
as such tax.

*Jesse Johnson, United States Attorney* and *Attorney for the*
*United States,* appellant.

*James H. Tuthill* and *George F. Stackpole,* for the executor,
appellant.

*Timothy F. Griffing,* for the County Treasurer of Suffolk
county, respondent.

DYKMAN, J. :
This is an appeal from an order of the Surrogate's Court of
Suffolk county, which affirmed an order dated May 22, 1893, assess-
ing the cash value of the property of the testator at the time of his

decease at $79,284.60, and fixing the tax upon the transfer thereof to the United States government at the sum of $3,964.23. The United States appeals from an order dated September 5, 1893, denying the motion made by the United States of America to set aside and vacate the order of May 22, 1893.

William W. Merriam, a resident of the town of Brookhaven, in Suffolk county, died on the 30th day of January, 1889, leaving a last will and testament, which was admitted to probate by the surrogate of Suffolk county, and letters testamentary thereon were issued to Clifford B. Ackerly as sole executor.

The testator devised and bequeathed all his estate, both real and personal, to the United States government. Upon the petition of the executor, the surrogate of the county appointed an appraiser to assess and fix the cash value of the property of the testator at the time of his death. The appraiser reported the net cash value of the property at the figures mentioned above, and on May 22, 1893, the surrogate, on motion, made an order confirming said report and assessed the value of the testator's property at the same amount as reported by the appraiser, and fixing the tax upon the transfer at the figures above named.

As the real estate of the testator did not pass to the United States under the will by reason of the invalidity of a devise of real estate to the United States government, that is not involved in this present controversy. (*In the Matter of Fox*, 52 N. Y. 537.)

We are required to decide in this case whether a legacy to the government of the United States is subject to the imposition commonly denominated the collateral inheritance tax. The determination of this point seems to be dependent upon the question whether the tax is upon property or upon the right of succession.

The appellants contend that the charge is a tax upon property, and planting themselves upon the fundamental principle of law, that governmental property is ever exempt from taxation, insist that a legacy to the United States government cannot be diminished by the deduction of a succession tax. Contrariwise the respondent contends that the tax is upon the right of succession under a will or by devolution in case of intestacy; or, in other words, a tax upon the the privilege of acquiring property by will or inheritance, and is an impost upon the devolution of the estate. If the contention of the

appellants is sustained then the appeal must prevail, for government property is always exempt from taxation. The language of the statute is this: Section 1. "Taxable transfers.— A tax shall be and is hereby imposed upon the transfer of any property, real or personal." (Laws of 1892, chap. 399, § 1.)

According to the literal reading the tax is imposed, not levied, upon the transfer, and not upon the property. It is similar to an impost or duty or a tax laid by government upon property imported into the country, or to the old income tax. In the case of duties upon goods, the property appraised and its value constitutes the basis of the impost, as it does under this law, and the same is true of income tax or an excise law. The property is the subject of the appraisal, but the subject of the tax is the privilege in all the cases.

In the case of *Wallace* v. *Meyers* (38 Fed. Rep. 184), in the United States Circuit, it was decided that where the property of the decedent includes United States bonds, the tax may be assessed upon the basis of their value, and the tax is not imposed upon the bonds, but is merely a tax upon the privilege of acquiring property by inheritance, and in that case it was said, in the opinion of the court, such a tax " is no more one upon the bonds than an income tax is one upon the property out of which the income is derived, or an excise tax is one upon the articles manufactured or sold. The bonds are the subject of the appraisal, but the privilege is the subject of the tax." The terms of the act of Congress of June 30, 1864 (13 U. S. St. 285), are, " Taxes on legacies and successions," and they are quite similar to those of the present statute in respect to the valuation or assessment; the subject-matter of the assessment in that act was held by the Supreme Court in *Scholey* v. *Rew* (23 Wall. 331) to be the devolution of the estate or a right to become beneficially entitled to it, and the act was considered as taxing a privilege and not property.

In Virginia the highest court of the State has construed a similar statute as imposing the tax, not upon the property, but upon the privilege of acquiring it by will or under the intestate laws. (*Eyre* v. *Jacob*, 14 Gratt. 422; *Miller's Exrs.* v. *Com.*, 27 id. 110.)

The precise question now presented was considered by the Supreme Court of Pennsylvania in *Strode* v. *Com.* (52 Penn. St. 181), and the court treated the statute not as taxing property, but

as regulating the transmission of the property of decedents, and upon that view held that government securities were properly included in the valuation of the inheritance upon which the tax was assessed.

So it was also held in *Matter of Estate of Swift* (137 N. Y. 77) that the tax imposed by the Collateral Inheritance Tax Law is not a property tax, but a tax upon the right of succession under a will or devolution in case of intestacy.

In *Matter of Estate of G. W. Cullom* (5 Misc. Rep. 173) it was decided in the Surrogate's Court of the city of New York that a bequest to the government of the United States is liable to taxation under the laws relating to taxable transfers of property, and the opinion in that case is quite satisfactory upon this subject.

In view of the language of the statute, and the construction it has received, we feel bound to decide that the tax in question is not upon the property bequeathed, but upon the right of succession, and that, therefore, the orders from which the appeals are taken should be affirmed, with costs.

BARNARD, P. J., and PRATT, J., concurred.

Orders affirmed, with costs.

