THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE CONSUMERS' BREWING COMPANY OF NEW YORK, LIMITED, Appellant, *v.* ISAAC FROMME, as Register of the County of New York, Respondent.

*United States revenue stamp — the statute forbidding the record of an unstamped instrument applies only to United States records.*

The fact that an instrument, entitled under the laws of the State of New York to be filed or recorded in the office of the register of the county of New York, does not comply with the War Revenue Law of 1898, in that sufficient revenue stamps are not placed thereon, is a matter with which the register has nothing to do, and his refusal to accept such an instrument on that account is error.

460 PEOPLE ex rel. BREWING CO. *v.* FROMME.

First Department, December Term, 1898.    [Vol. 35.

The provisions of sections 14 and 15 of the Revenue Law of 1898, providing that no instrument, paper or document which has not been properly stamped shall be recorded or admitted or used as evidence in any court until a legal stamp or stamps, denoting the amount of tax, shall have been affixed thereto as prescribed by law, and that the record, registry or transfer of any such instruments upon which the proper stamp or stamps shall not have been affixed and canceled shall not be used in evidence, apply only to records kept pursuant to United States statutes and to evidence admissible in the courts of the United States.

APPEAL by the relator, The Consumers' Brewing Company of New York, Limited, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 21st day of July, 1898, denying the relator's application for a peremptory writ of mandamus directed to the defendant commanding him, upon tender and payment of his fees and of the tax required by the War Revenue Law of 1898, for certificates, to accept and file the certificate required by chapter 354 of the Laws of 1895, entitled "An act to amend chapter two hundred and seventy-nine of the Laws of eighteen hundred and thirty-three, entitled ' An act requiring mortgages of personal property to be filed in the town clerk's and other offices' in relation to filing a yearly statement of the interest of the mortgagee," the bond and mortgage made by one John Bunz to the relator.

*Terry Smith,* for the appellant.

*Terence Farley,* for the respondent.

O'BRIEN, J. :

By chapter 279 of the Laws of 1833, as amended by chapter 528 of the Laws of 1896 it is stated : " Every mortgage * * * shall cease to be valid * * * after the expiration of one year from the filing thereof, unless within thirty days next preceding the expiration * * * a statement describing such mortgage, stating the names of the parties, the time when and the place where filed, and exhibiting the interest of the mortgagee in the property thereby claimed by him by virtue thereof, shall be again filed in the office of the clerk or register," etc.

The relator shows that, in conformity with this statute, he presented such a statement to the register on the 2d day of July, 1898,

PEOPLE ex rel. BREWING CO. *v.* FROMME. 461

App. Div.]  First Department, December Term, 1898.

and tendered him at the same time the ordinary fees required by law, and also an amount in payment of the tax for a certificate, under what is known as the War Revenue Law of 1898, being the United States statute for ways and means to meet war expenditures, and for other purposes; but that the register refused to accept the statement for filing, giving as his reasons therefor that the relator, under the War Revenue Law, should pay an amount equal to the tax required on a mortgage, his claim being that the statement is a renewal of the mortgage previously filed, and should, therefore, be taxed as a mortgage and not as a certificate, there being a difference in amount in the tax required for the filing of a certificate and that required for filing a mortgage or renewal of a mortgage.

A failure to comply with the War Revenue Law is a matter with which the register has nothing to do. The duty of the register is to record or file in his office those instruments or papers which, by the laws of the State, are entitled to be recorded or filed. Whether in the making or execution of such instruments the parties thereto have made a valid instrument or not it is not his province to determine. In *Moore* v. *Moore* (47 N. Y. 467), a case arising under the Revenue Law of 1862, it was held that it is not in the constitutional power of Congress to provide for the State a rule for the transfer of property, and that a deed is valid to prove title though not stamped, and in *People ex rel. Barbour* v. *Gates* (43 N. Y. 40) it was held that Congress cannot make rules of evidence for State courts.

It is true that by sections 14 and 15 of the War Revenue Law of 1898 it is provided "that hereafter no instrument, paper or document required by law to be stamped, which has been signed or issued without being duly stamped, or with a deficient stamp, nor any copy thereof, shall be recorded or admitted or used as evidence in any court until a legal stamp or stamps, denoting the amount of tax, shall have been affixed thereto as prescribed by law," and that "the record, registry or transfer of any such instruments upon which the proper stamp or stamps aforesaid shall not have been affixed and canceled as aforesaid shall not be used in evidence." It is apparent that these regulations apply only to records pursuant to United States statutes and to evidence admissible in courts of the United States. As has already been decided by the Court of Appeals of this State in regard to provisions of the previous Reve-

nue Law, the Congress of the United States cannot control the rules of evidence in courts of this State nor the legality of contracts made, executed and to be performed within its borders, except such contracts as relate to subjects over which the United States have jurisdiction. The responsibility of seeing that the proper stamp is affixed rests upon the parties to the instrument, and the register is no more required to determine the validity under the United States War Revenue Law of an instrument offered for record than he would be to determine whether a deed offered for record contravened some statute of the State or was offered for the purpose of defrauding creditors or for any other reason was invalid and void. To hold that such a duty rested upon the register would be to constitute him a judicial instead of a ministerial officer. The relator having complied with the provisions of the law of this State as to the statement which he desired to have filed, and having tendered the necessary fees for such filings, it was the duty of the register to accept the same for recording.

We think, therefore, that the disposition made below was erroneous and that the order should be reversed and the application for the writ of mandamus granted, but, as against a public officer, without costs here or in the court below.

VAN BRUNT, P. J., BARRETT, RUMSEY and PATTERSON, JJ., concurred.

Order reversed and application granted, without costs in this court or in the court below.