PEOPLE ex rel. CONSUMERS' BREWING CO. OF NEW YORK, Limited, v. FROMME.

(Supreme Court, Appellate Division, First Department. December 9, 1898.)

1. RECORDS—FILING—UNITED STATES REVENUE STAMPS.
    U. S. Revenue Law 1898, §§ 14, 15, providing that no unstamped instrument required to be stamped shall be recorded, apply only to records pursuant to United States statutes.
2. SAME.
    A register of deeds must file an instrument offered for record under Laws 1896, c. 528, though it is not stamped as required by U. S. Revenue Law 1898, §§ 14, 15.

Appeal from special term, New York county.

Application for mandamus, on the relation of the Consumers' Brewing Company of New York, Limited, against Isaac Fromme, as register. From an order denying the application, relator appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and O'BRIEN, JJ.

Terry Smith, for appellant.
Terence Farley, for respondent.

O'BRIEN, J. By chapter 528 of the Laws of 1896, it is stated: "Every mortgage * * * shall cease to be valid * * * after the expiration of one year from the filing thereof, unless within thirty days next preceding the expiration * * * a statement describing such mortgage, stating the names of the parties, the time when and the place where filed, and exhibiting the interest of the mortgagee in the property claimed by him by virtue thereof, shall be again filed in the office of the clerk or register," etc.

The relator shows that, in conformity with this statute, he presented such a statement to the register on the 2d day of July, 1898, and tendered him at the same time the ordinary fees required by law, and also an amount in payment of the tax for a certificate, under what is known as the "War Revenue Law of 1898," being the United States statute for ways and means to meet war expenditures and for other purposes; but that the register refused to accept the statement for filing, giving as his reason therefor that the relator, under the war revenue law, should pay an amount equal to the tax required on a mortgage, his claim being that the statement is a renewal of the mortgage previously filed, and should therefore be taxed as a mortgage, and not as a certificate, there being a difference in amount in the tax required for the filing of a certificate and that required for filing a mortgage or, renewal of a mortgage.

A failure to comply with the war revenue law is a matter with which the register has nothing to do. The duty of the register is to record or file in his office those instruments or papers which, by the laws of the state, are entitled to be recorded or filed. Whether, in the making or execution of such instruments, the parties thereto have made a valid instrument or not, is not his province to determine. In Moore v. Moore, 47 N. Y. 467 (a case arising under the revenue law of 1864), it was held that it is not in the constitutional power of congress to provide for the state a rule for the transfer of property, and that a deed is valid to prove title though not stamped; and in People v. Gates, 43 N. Y. 40, it was held that congress cannot make rules of evidence for state courts. It is true that by sections 14 and 15 of the revenue law of 1898 it is provided "that hereafter no instrument, paper, or document required by law to be stamped, which has been signed or issued without being duly stamped, or with a deficient stamp, nor any copy thereof, shall be recorded or admitted, or used as evidence in any court until a legal stamp or stamps, denoting the amount of tax, shall have been affixed thereto, as prescribed by law"; and that "the record, registry, or transfer of any such instruments upon which the proper stamp or stamps aforesaid shall not have been affixed and canceled as aforesaid shall not be used in evidence." It is apparent that these regulations apply only to records pursuant to United States statutes, and to evidence admissible in courts of the United States. As has already been decided by the court of appeals of this state in regard to provisions of the previous revenue law, the congress of the United States cannot control the rules of evidence in courts of this state, nor the legality of contracts made, executed, and to be performed within its borders, except such contracts as relate to subjects over which the United States have jurisdiction. The responsibility of seeing that the proper stamp is affixed rests upon the parties to the instrument; and the register is no more required to determine the validity under the United States revenue law of an instrument offered for record than he would be to determine whether a deed offered for record contravened some statute of the state, or was

offered for the purpose of defrauding creditors, or, for any other reason, was invalid and void. To hold that such a duty rested upon the register would be to constitute him a judicial, instead of a ministerial, officer. The relator having complied with the provisions of the law of this state as to the statement which he desired to have filed, and having tendered the necessary fees for such filing, it was the duty of the register to accept the same for recording.

We think, therefore, that the disposition made below was erroneous, and that the order should be reversed, and the application for the writ of mandamus granted, but, as against a public officer, without costs here or in the court below. All concur.