ALFRED UNIVERSITY, appellant,*

*v.*

WILLIAM S. HANCOCK, as comptroller of the State of New Jersey, and GEORGE B. SWAIN, as treasurer of the State of New Jersey, respondents.

[Decided April 14th, 1900.]

1. A bequest to a school of learning having academic, collegiate and theological departments open to all of good moral character, there being no charge for instruction in the theological department, and the institution being supported largely by public and private charity, and devoting all its resources to increasing its benefit to the public, is a charitable institution.

2. The act of 1894, providing for a tax on intestates' estates, gifts, legacies, devises, and collateral inheritance in certain cases, exempting gifts and bequests to religious, benevolent and charitable institutions and organizations, did not exempt gifts and bequests to charitable institutions located outside the State of New Jersey from such tax.

3. The supplement of 1898 exempting gifts and bequests to religious institutions, wherever located, from such tax, does not apply to a gift to an educational institution located without the state having academic, collegiate and theological departments, as it is not a religious institution within the meaning of the act.

*Mr. William M. Stillman,* for the appellant.

*Mr. Nelson Y. Dungan* and *Mr. Samuel H. Grey,* attorney-general, for the respondents.

REED, VICE-ORDINARY.

Peter Wooden, a resident of New Jersey, by his will, left the residue of his estate to Alfred University, an institution located in Allegany county, in the State of New York. The surrogate of Somerset county filed an assessment imposing a tax upon this legacy under the provisions of an act to tax intestates' estates, gifts, legacies, devises and collateral inheritance in certain cases. *P. L. 1894 p. 318.* The first section of the act provides that all

---

*This opinion was omitted from its proper place.—REP.

property which shall pass by bequest, devise or inheritance to any person or persons, or to a body politic or corporate, excepting churches, hospitals and orphan asylums, public libraries, Bible and tract societies, and all religious, benevolent and charitable institutions and organizations, shall be subject to a tax of $5 on every $100.

It is claimed by the appellant that Alfred University is a charitable institution, and so is within the clause excepting such institutions from liability to be taxed.

Alfred University is a school of learning having an academic, a collegiate and theological department. The benefits of the institution are offered to all who are of good moral character. There is no charge for instruction in the theological department, but a moderate charge is made in the other departments for tuition. The corporation has no capital stock and pays no dividends. The institution is principally supported by funds derived from public and private charity, together with tuition fees. Whatever is received is devoted to the object of sustaining the institution and increasing its benefits to the public by extending and improving its accommodations and diminishing its expenses.

A bequest to such an institution is, in my judgment, a bequest to a charitable institution. All gifts for the promotion of education are charitable in a legal sense, where the elements of private gain are wanting and where the scheme is, in part, supported by public or private contributions. See cases collected in *5 Encycl. of Law (2d ed.) 929, 930; Taylor* v. *Bryn Mawr College, 34 N. J. Eq. (7 Stew.) 101.*

Conceding the charitable character of the institution, does the exemption apply to institutions located without the limits of the State of New Jersey?

The overwhelming weight of authority is that where the legislature grants exemption from such a tax to corporations or organizations, it includes in the exemption only domestic corporations and organizations. The collateral inheritance tax of the State of New York (*Laws of New York 1887, ch. 713*) subjects to its provisions all property which shall pass by will to any body politic or corporate other than societies, corporations

and institutions now exempted by law from taxation. It was held that a gift by a resident of New York to Trinity College, located in Connecticut and exempt by the laws of Connecticut from taxation, was not within the exemption clause of the New York act. It was held that the act applied only to those corporations and institutions which were exempt by force of the laws of the State of New York. *Catlin* v. *Trustees of Trinity College, 113 N. Y. 133.* In 1890 a subsequent law was passed in New York, to be found in the laws of New York of 1890, chapter 553. The act exempted certain corporations from taxation under the provisions of the Collateral Inheritance Tax act. A resident of New York gave certain legacies to the Presbyterian Board of Relief, a corporation of the State of Pennsylvania, and the American Board of Missions for Foreign Missions, a Massachusetts corporation, both included within the class of corporations exempt under the New York act as charitable and religious corporations. It was held that they were not included within the exemption clause of the act, because they were corporations and institutions located outside of the State of New York. *In re Prime, 136 N. Y. 347.* Chief-Justice Andrews, in delivering the opinion of the court of appeals, said: "We are of opinion that a statute of a state granting powers and privileges to corporations must, in the absence of plain indications to the contrary, be held to apply only to corporations created by the state and over which it has the power of visitation and control. Such is the natural interpretation of such legislation in the absence of a contrary intention appearing on the face of the act.

"The legislature, in such cases, is dealing with its own creations, whose rights and obligations it may limit, define and control. * * * It is the policy of society to encourage benevolence and charity. But it is not the proper function of a state to go outside of its own limits and devote its resources to support the cause of religion, education or missions for the benefit of mankind at large. The argument may have force that the state might consistently, with its proper function, give immunity from taxation to some of the foreign corporations engaged in the work of education or charity. But however this

may be, we are convinced that the statute of 1891 has no application to foreign corporations, and having reached that conclusion, our duty is ended."

In 1892 an act was passed in New York providing for taxation of inheritances, and reading thus:

"But any property heretofore or hereafter devised or bequeathed to any person who is a bishop, or to any religious corporation, shall be exempt from and not subject to the provisions of this act."

A resident of the State of New York divided his residuary estate among certain religious corporations organized and existing under the laws of other states, and it was held, *In the matter of Balleis, 144 N. Y. 132,* that these bequests were taxable. It was held *In the matter of Merriam, 73 Hun 587,* that a legacy to the United States by a resident of New York was subject to taxation, and upon error to the supreme court of the United States, the judgment of the court below was affirmed, and in his opinion Mr. Justice Brown remarked: "If the ruling of the court of appeals of New York in this particular case be not absolutely binding upon us, we think that, having regard to the purpose of the law to impose a tax generally upon inheritances, the legislature intended to allow an exemption only in favor of such corporations as it had itself created, and which might reasonably be supposed to be the special object of its solicitude and bounty." *United States* v. *Perkins, 163 U. S. 625.*

The collateral inheritance tax of Massachusetts (*Laws of Mass. 1891 p. 1028*) exempts from its provisions educational or religious societies or institutions the property of which is exempt from taxation.

Legacies were given by a resident of Massachusetts to the Congregational church and an Episcopal church in the State of New York, both exempt from taxation by the laws of New York. It was held in *Minot* v. *Winthrop, 162 Mass. 113,* that the exemption found in the first section of the act of 1891 was confined to societies the property of which is exempt from taxation by the laws of Massachusetts.

The Illinois statute of 1872 exempts from taxation all property of institutions of purely public charity, when actually and exclusively used for such charitable purposes, not leased or otherwise used with a view to profit. Taxes were assessed on two lots in Chicago against the Western Seaman's Friend Society, a corporation having for its object the disseminating of moral and religious instruction among sailors and laborers doing business on the western waters. The company was an Ohio corporation. The supreme court of Illinois, in the case of *People* v. *Western Seaman's Friend Society, 87 Ill. 246,* held that the statute must in any event be understood to have exclusive reference to institutions or corporations created by the laws of that state and not to foreign corporations that may choose to locate branches in Illinois.

On the strength of these authorities, I shall hold that the exception in the act of 1894 does not cover the present bequest to Alfred University, a corporation and institution situated in the State of New York.

But in 1898 there was an amendment passed to this act. *P. L. 1898 p. 106.* By this amendatory act it was provided that all gifts, bequests, devises by will, deed or otherwise, of real or personal property, by citizens of this state to any Bible or tract society or religious institution, boards of a church or organization thereof, in trust or otherwise, not confined in their operations and benefactions to local or state purposes, but for the general good of the people interested therein of the United States or of foreign lands, as the board of home and foreign missions of various church denominations, shall not be taxed under said act, whether said societies, religious institutions or boards aforesaid are organized under the laws of this state or incorporated and organized under the laws of some other state.

The provisions of this act fail to confer immunity upon this bequest. Alfred University is, of course, not a Bible or tract society. Nor can it be regarded as a religious institution. It is true it has a theological department which is an adjunct of the principal departments of the institution, which are academic and collegiate. If the theological department is to be regarded as religious, the two others are purely secular. An institution

of such blended secular and religious qualities can in no sense be classed as a religious institution.  Charitable institutions are omitted from the benefits of this supplement; and no other kind of an institution mentioned in the supplement will include such an institution as Alfred University.

In my judgment there must be a decree affirming the order of the orphans court of Somerset county.