GREGORY v. HITCHCOCK PUB. CO.

(City Court of New York, General Term.    April 5, 1900.)

1. NOTES—INTERNAL REVENUE STAMP.
    A failure to attach an internal revenue stamp to a note does not invalidate it.

2. APPEAL—RECORD.
    Where no case has been prepared as required by the general rules of practice (rule 34), and no appeal was taken from an order denying a motion for a new trial, and there was no certificate stating that the case contained all the evidence, only such exceptions as were taken during the trial can be reviewed, though the appeal book is a copy of the stenographer's minutes.

Appeal from trial term.

Action by Irving S. Gregory against the Hitchcock Publishing Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Argued before McCARTHY, O'DWYER, and HASCALL, JJ.

H. W. Leonard, for appellant.

Dunphy & Pearsall, for respondent.

O'DWYER, J.    The action was brought to recover the amount of two certain promissory notes, of $100 each, and for $9.12,—a balance due for work, labor, and services. The defendant, in its answer, admitted the giving of two notes, of $100 each, to the plaintiff, but alleged that it had no knowledge, except as stated in the complaint, whether the notes mentioned in the complaint were such notes, and set forth, as a further and separate defense, that at the time of the delivery of the notes the defendant entered into a mutual agreement with the plaintiff by which the plaintiff agreed to do certain work, and that upon the strength of said agreement the plaintiff requested the defendant to let him have two promissory notes, of $100 each; that the defendant, relying upon plaintiff doing said work, gave him two notes; that no part of said agreement on the part of the plaintiff has been carried out, but, on the contrary, the plaintiff willfully and carelessly destroyed certain work for which said notes were given, and that in consequence of the failure to carry out the agreement, and his negligence and destruction of certain work, defendant suffered in loss and damage the sum of $3,000, which sum defendant counterclaimed. The plaintiff replied, denying the allegations of the separate defense and counterclaim, and alleged that the notes were given to the plaintiff in payment of a balance due him from the defendant. The plaintiff demanded a bill of particulars of defendant's claim for damages, requiring it to state the separate items of work which it alleged plaintiff willfully and carelessly destroyed, and when and where the same were destroyed, and the value of each item. Defendant interposed a bill of particulars, and answered this demand. The only claim therein made of the destruction of any work is: "Over 800,000 circulars were destroyed by careless cutting,—$1,120." None of the other items mentioned in defendant's bill of particulars are referred to

in any way in defendant's answer. There was no issue in the case relating to any of the remaining items in the bill of particulars. Upon the trial the plaintiff testified that the notes were given in payment for work done, to the extent of $167, and that thereafter certain work, labor, and services, amounting in value to $42.12, were performed for the defendant. The defendant denied that there was any balance due at the time of the giving of the notes, or that any work had been done thereafter for the notes, but failed to introduce any competent evidence in support of the counterclaim alleged in its answer. Upon this conflict of the evidence the case was properly submitted to the jury by the trial justice, in a fair and impartial charge, and with their determination we see no reason to interfere.

The notes were introduced in evidence over the objection of the defendant thereto; the objection being that on the face of the notes it shows that they are not in compliance with the laws of the government, and can be of no value unless they are properly taxed, or a proper tax has been paid. This objection was properly overruled. The failure to attach revenue stamps to the notes did not invalidate them. Moore v. Moore, 47 N. Y. 467; People v. Gates, 43 N. Y. 40; People v. Fromme, 35 App. Div. 459, 54 N. Y. Supp. 833.

We have examined all of the other exceptions to the introduction and exclusion of evidence taken during the trial, many of which are without merit whatever; and those remaining would not, in any event, change the result. The appeal book in this case apparently is a copy of the stenographer's minutes. No case has been prepared, as required by rule 34 of the general rules of practice; and although a motion was made for, and an order entered denying, a new trial, no appeal from that order has been taken, nor is there any certificate stating that the case contained all the evidence. We are therefore limited upon this hearing to a review of the exceptions taken during the trial. Those, as we have said, have been carefully examined, and do not need to be separately discussed.

Judgment appealed from affirmed, with costs. All concur.