GRACE D. RICHARDSON

*v.*

THOMAS ROBERTS *et al.*

*Opinion filed February 21, 1902.*

1. EVIDENCE—*when objection to evidence is too general.* An objection to the introduction of the note in foreclosure proceedings "for the reason that it is incompetent, irrelevant and immaterial and does not tend to prove any issue in this cause, and according to the laws of the United States and the State of Illinois is not competent as evidence in any legal proceeding," is too general to raise the point that the note was not stamped when it was assigned, as required by the act of Congress.

2. SAME—*note is competent in evidence though not properly stamped.* The provision of the act of Congress of June 13, 1898, that instruments not stamped as provided in the act shall not be admitted or used in evidence in any court, applies only to Federal courts and not to State courts, since Congress has no power to say what shall be competent or incompetent evidence in the State courts.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. A. H. CHETLAIN, Judge, presiding.

JAMES EDWARD PURNELL, for appellant.

L. A. McDONALD, for appellees.

Mr. CHIEF JUSTICE WILKIN delivered the opinion of the court:

This is an appeal from the Appellate Court for the First District to reverse a judgment of that court affirming a decree in the superior court of Cook county in appellees' favor, against appellant, on a bill to foreclose a trust deed in the nature of a mortgage. The mortgage was executed by Frederick Thomas Richardson, the husband of appellant, to John S. Gage, for the use of Helen Shepard Gage, on the 19th day of October, 1894, to secure a note of Frederick Thomas Richardson made payable

to his own order and by him endorsed, and delivered, with said trust deed, to Gage. The note was due and payable three years after the date thereof, bearing interest. After the execution of the note and mortgage Frederick Thomas Richardson sold and transferred the property, by deed, to the appellant, Grace D. Richardson. Subsequently, on September 1, 1899, the note was sold and assigned by Gage to the appellee Thomas Roberts. Upon answer and replication the cause was referred to a master in chancery to take and report the evidence, with his conclusions. Before him the appellees offered in evidence the note and mortgage, which was objected to by the appellant "for the reason that it is incompetent, irrelevant and immaterial and does not tend to prove any issue in this cause, and according to the laws of the United States and the State of Illinois is not competent as evidence in any legal proceeding." The master found for the complainants, to which finding the appellant objected in the same general language as above. The objections were overruled by the master and the same allowed to stand as exceptions to his report.

The only ground of reversal urged is, that when the note was assigned by Gage to appellee Roberts no revenue stamp was placed thereon, as required by the act of Congress of June 13, 1898. It was held by the Appellate Court that the objection made to the introduction of the instrument and to the master's report was not sufficiently specific to raise that question, and this position we think well sustained by the record. This is especially so in view of the provisions of the Revenue act, *supra,* the 13th section of which provides "that any person or persons who shall register, issue, sell or transfer, or who shall cause to be issued, registered, sold or transferred, any instrument, document or paper of any kind or description whatsoever mentioned in this act without the same being duly stamped, or having thereupon an adhesive stamp for denoting the tax chargeable thereon,

and canceled in the manner required by law, *with intent to evade the provisions of this act*, shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be punished by a fine not exceeding fifty dollars, or by imprisonment not exceeding six months, or both, in the discretion of the court; and such instrument, document or papers not being stamped according to law shall be deemed invalid and of no effect." The same section further provides that any party being interested in such an instrument, who shall be subsequently desirous of affixing the revenue stamp to it, shall appear before the collector of internal revenue of the proper district, and by complying with the requirements therein named have the same stamped. Section 14 provides that "no instrument, paper or document required by law to be stamped which has been signed or issued without being duly stamped, or with a deficient stamp, nor any copy thereof, shall be recorded or admitted, *or used as evidence in any court until a legal stamp or stamps, denoting the amount of tax, shall have been affixed thereto as designated by law*." If, therefore, the appellant had placed her objection to the instrument upon the specific ground which she now insists upon,— that is, that there was no revenue stamp placed upon the same at the date of its assignment,—steps might legally have been taken by the appellees to have the same properly stamped, and under the familiar rule that where the objection to evidence is one which can be removed the objection must be specific, and not general.

But aside from this question, the instrument, under previous decisions of this court, was not void nor rendered incompetent as evidence in our courts because there was no revenue stamp placed thereon. This doctrine was repeatedly announced under the act of Congress of June 30, 1864. (*Latham* v. *Smith*, 45 Ill. 29; *Craig* v. *Dimock*, 47 id. 308; *Bunker* v. *Green*, 48 id. 243; *Hanford* v. *Obrecht*, 49 id. 146; *Wilson* v. *McKenna*, 52 id. 43; *Bowen* v. *Byrne*, 55 id. 467.) The act of 1898 is not materially, if at

all, different from that of 1864. It provides, as did the former act, that in order to render an instrument void the omission to stamp the same must be with intent to evade the provision of the act. The holding of this court, as well as nearly all the other State courts of last resort which have passed upon the question, is, that while Congress has full power to levy and collect taxes, duties, imposts and excises to pay the debts of the government, it has no authority or power to take away from a State its legitimate right to determine what contracts shall be valid between its own citizens which are in no way connected with or affect the Federal government, nor to say what shall be competent evidence in the State courts, but that the provision to the effect that unstamped instruments shall not be competent evidence means only that they shall not be competent in Federal courts. The subject is exhaustively discussed and the decisions of our own and many other courts cited in support of this conclusion in the late case of *Small* v. *Slocumb*, 112 Ga. 279, (81 Am. St. Rep. 50,) the decision being under the act of 1898. The Supreme Courts of Nevada, (*Knox* v. *Rosi*, 57 Pac. Rep. 179); Texas, (*Thomas* v. *State*, 76 Am. St. Rep. 740; 51 S. W. Rep. 242); New York, (*People* v. *From*, 35 App. Div. 459; 54 N. Y. Supp. 833; *Gregory* v. *Hitchcock, etc. Co.* 63 N. Y. App. 975; 31 Misc. Rep. 173); and Rhode Island, (*Cassidy* v. *St. Germaine*, 46 Atl. Rep. 35), have each held the same rule under the present law However, we regard the question as fully settled in this State by the authorities first above cited, and have no disposition to change or overrule them.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*