## BELLINGER v. TAYLOR et al.

(Supreme Court, Appellate Division, Third Department. May 3, 1911.)

1. WILLS (§ 705*)—JURISDICTION OF SURROGATE.
   Before the amendment in 1910 to Code Civ. Proc. § 2624, which expressly gave surrogates the right to construe wills involving real estate, a surrogate had no such power, and hence a judgment of a surrogate given in 1898, construing a will and deciding that certain real estate which the testator held as a tenant in common was for purposes of administration personalty, is in no wise binding upon the other tenant in common or the legatees.
   [Ed. Note.—For other cases, see Wills, Dec. Dig. § 705.*]

2. PARTITION (§ 13*)—RIGHT TO—WILLS.
   One tenant in common cannot by his will, which worked an equitable conversion of his part of land, prevent a cotenant from securing its partition, as that is a feature of tenancy in common.
   [Ed. Note.—For other cases, see Partition, Cent. Dig. § 36; Dec. Dig. § 13.*]

Appeal from Special Term, Saratoga County.

Action by Peter Bellinger against Mary W. Taylor and others. From a judgment (70 Misc. Rep. 139, 127 N. Y. Supp. 167) dismissing his complaint, plaintiff appeals. Reversed, and a new trial granted.

The plaintiff brought this action for the partition and sale of real property, one half of which belonged to him and the other half to his wife in her lifetime. She made a will of which the disposing parts are as follows:

"First: After all my lawful debts are paid and discharged, I give, devise,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and bequeath to my faithful and beloved husband Dr. Peter Bellinger, the use and income of all my real and personal estate during his natural life.

"Second: After the death of my husband Dr. Peter Bellinger, I give and bequeath to the American Baptist Home Mission Society formed in New York in the year eighteen hundred and thirty-two, the sum of Two Thousand Dollars for the general purposes of the society. This bequest, however, subject to the following conditions, namely; that the said Society shall pay to James ·L. Rowland, if living when this will is probated, an amount equal to five per cent. of said sum annually during the life of said person.

"Third: I give and bequeath to Charles S. Waring the husband of my deceased daughter, Charlotte E. Bellinger, the sum of One Thousand Dollars should he be living at the time of my death, said sum to be paid to him within three years after my death without interest; this provision is to give my executors ample time to dispose of my estate to the best advantage and convert it into available funds. I bequeath to him also my deceased daughter's pictures painted by herself, and not to be removed until after my husband's death.

"Fourth: I give and bequeath to Cora E. Scott, artist, my gold watch.

"Fifth: I give and bequeath to my beloved niece, Mary W. Taylor, wife of Rev. Wm. C. Taylor of Ilion, N. Y., all my wearing apparel and all my personal effects of that nature.

"Sixth: All the residue and remainder of my estate (including the sum named for Charles S. Waring should he be dead at the time of my decease) I direct my executors to have divided into three equal parts and these to be distributed as follows: One part to my niece, Mary W. Taylor; one part to my nephew Wm. R. Waterbury, and one part to be divided equally between Norma Rose Waterbury and Howard Ernest Waterbury, children of my deceased nephew Rev. Norman M. Waterbury."

Aside from her one-half interest in the real estate, she had personal·property of the inventoried value of $373.75. She died in the year 1895. In January, 1897, the executors filed a petition for a judicial settlement of their accounts. The citation was served upon all the legatees and devisees named in the will. The decree recites that a question was presented whether the legacies of $2,000 and $300 to the American Baptist Home Mission Society was more than one-half of the estate of the deceased. The surrogate held that the real estate was by the terms of the will converted into money, and the executors accounted for it as so much money, deducting therefrom the estimated value of the life estate of the husband therein, and decreed a distribution of the same after the husband's death among the various legatees and devisees. Upon this trial the court has held, in substance, that by the decree of the surrogate the real estate has become personal property so that the plaintiff cannot maintain an action for the partition thereof, from which judgment this appeal is brought.

Argued before SMITH, P. J., and KELLOGG, SEWELL, and BETTS, JJ.

Irving W. Wiswall (William Rooney, of counsel), for appellant.

Butler & Kilmer (W. F. Butler, of counsel), Slade, Harrington & Goldsmith (John A. Slade, of counsel), for respondents.

JOHN M. KELLOGG, J. [1] Before the amendment of section 2624 of the Code of Civil Procedure, in 1910, the surrogate did not have the power to construe a will of real estate. Matter of Trotter, 182 N. Y. 465, 75 N. E. 305.

The decree in question having been entered in 1898, it is unnecessary to consider the effect of that amendment. Neither need we question the power of the surrogate in certain cases to construe a will so far as is necessary for the purpose of distributing an estate before him, for the reason that he was not called upon to make a distribution of

the estate, and no distribution could be made until the husband's death. If it was desirable and proper to determine as to the validity or effect of the legacy to the mission society, which apparently depended upon whether the gift to it was of more than one-half of the value of the estate, that inquiry did not make it necessary to adjudge that the real estate was personal property, or whether, after the husband's death, the various parties interested would take it as real or personal property. It is unnecessary to determine whether there is or is not a conversion of the real estate into personal property for the purposes of eventual distribution, or whether the legacies are liens or not upon the real estate. The surrogate had no power to construe the will as stated in the decree, and his construction is not binding upon the parties hereto. We simply determine that the surrogate's decree does not establish that the one-half interest in this property originally belonging to the defendant's wife is now personal property and therefore incapable of partition.

[2] However the will may be construed in the respect indicated is quite immaterial here. The plaintiff, before the will was made, was the owner of a half interest in the real estate, and he or his wife might maintain an action for its partition. Moore v. Moore, 47 N. Y. 467, 7 Am. Rep. 466. By her will she could not deprive him of that right. There are before the court the executors who represent the personalty which is to be distributed under the will, and the residuary legatees and devisees, so that every person interested in the property, whether they may take it as real estate or personalty, are before the court, and whatever character the property may have as betwen them is immaterial so far as the plaintiff's right to partition is concerned. If the property is sold, the court has ample power to see that the one-half formerly belonging to the testatrix is distributed to the parties in the manner contemplated by the will. We purposely have not construed the will confining this decision to the proposition that neither the terms of the will nor the surrogate's decree deprives the plaintiff of the right to maintain this action. The judgment should therefore be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.